## 44488. ROBERTS v. HALPERN'S HOME STORES OF GEORGIA, INC.

FELTON, Chief Judge. The plaintiff company brought an action against Mr. and Mrs. F. N. Roberts to recover the principal, interest and attorney's fees due under simple contracts with the defendant wife for custom making and installing drapes and bedspreads in the defendants' home. The jury returned a verdict against the defendant husband for the three items prayed for and he appeals from the judgment on the verdict and the judgment overruling his motion for a new trial.

1. Enumerated errors 1 and 2, which complain of the court's giving of two instructions to the jury (one with reference to the allowance of attorney's fees and the other to the presumption raised by appellant's failure to produce his wife as a witness), are not considered for the reason that no timely objection was made thereto (Ga. L. 1965, pp. 18, 31, as amended, Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207 (a)), and they were not palpably harmful as a matter of law. _Code Ann. § 70-207 (c). Appellant's objection to instructions on a hearing concerning requests to charge was not a compliance with § 70-207 (a). *Caudell v. Sargent*, 118 Ga. App. 405 (164 SE2d 148) and cit.

2. Enumerated errors 3 and 4 are the admission into evidence, over appellant's objections, of an advertising brochure and an advertisement of an auction sale of appellant's real estate. Proof that the purchases sued for were necessaries was essential for a recovery against the defendant husband under *Code* § 53-510, and the evidence objected to, which appellant admitted accurately described his home and real estate, was admissible to prove that the purchases by his wife were "necessaries suitable to her condition and habits of life, made for the use of herself and the family" as provided by said statute. These enumerated errors are without merit.

3. Enumerated error 5, the overruling of the motion for a new trial as amended, is without merit because the evidence authorized the verdict. The evidence authorized the jury to find, as it did, that the apparent, alleged discrepancies between the amounts of material used and charged for resulted from necessary wastage caused by the manner in which the material had to be cut due to the nature of the fabric and the matching of pattern repeats at seams.

The court did not err in entering judgment on the verdict.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

ARGUED JUNE 2, 1969—DECIDED JUNE 18, 1969.

*Jack K. Bohler*, for appellant.
*Long & Siefferman, Floyd E. Siefferman, Jr.*, for appellee.