## 44540. GARDNER v. GEORGIA & FLORIDA RAILWAY COMPANY.

HALL, Judge. Plaintiff, an automobile passenger, appeals from a verdict and judgment for the defendant in a personal injury action for alleged negligence of the defendant railroad in an automobile-train collision.

1. The plaintiff enumerates as error the exclusion from evidence of three photographs of the railroad crossing, made on the date of the trial in November 1968, and offered for the purpose of showing that the trainmen "could and did see this car some 200 feet back down the road when they were at least 200 feet up the track." Upon objection the court excluded the photographs. The trial court would have been authorized to admit these photographs. *City of Thomasville v. Crowell,* 22 Ga. App. 383, 385 (96 SE 335); *Western & A. R. v. Hughes,* 37 Ga. App. 771, 772 (142 SE 185); *Georgia Power Co. v. Gillespie,* 48 Ga. App. 688, 700 (173 SE 755); *Southern R. Co. v. Lunsford,* 57 Ga. App. 53, 63 (194 SE 602); *Coffee County v. Denton,* 64 Ga. App. 368, 372 (13 SE2d 209); *Sylvania Central R. Co. v. Gay,* 82 Ga. App. 486, 488 (61 SE2d 587); *City of Bainbridge v. Cox,* 83 Ga. App. 453, 457 (64 SE2d 192); Green, Georgia Law of Evidence 202, § 86; 11 Encyc. of Ga. Law 336, § 88. Cf. *Johnson v. State,*

158 Ga. 192, 198 (123 SE 120); *Owensby v. Jones,* 109 Ga. App. 398, 400 (136 SE2d 451). The court did admit other photographs offered by the plaintiff of the same scene and the plaintiff gave oral testimony, in rebuttal to the testimony of the defendant's witnesses, as to the facts he sought to illustrate by the photographs. In view of the evidence as a whole it does not appear that the exclusion of the photographs harmed the plaintiff. The trial court did not err in excluding the photographs or the testimony of a witness making a comparison between one of these photographs and another that was admitted in evidence.

2. After the plaintiff had testified in answer to a question that there was not a blinker system in operation on the railroad track the trial court sustained an objection made by the defendant. The record does not show that the court thereafter instructed the jury to disregard the plaintiff's testimony or that the court's ruling on the objection caused harm to the plaintiff. The enumeration of error based on the court's ruling is without merit.

3. The record does not show the plaintiff made any objections to the charge before verdict. Enumerations of error based on omissions to charge are without merit.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

SUBMITTED JUNE 4, 1969—DECIDED OCTOBER 16, 1969.

*Vickers Neugent,* for appellant.

*Tillman, Brice, McTier & Coleman, John T. McTier,* for appellee.