### 45751.   TATE v. THE STATE.

JORDAN, Presiding Judge. It is undisputed that the defendant, James Tate, shot and killed his common law wife, Mary Lee Rowe, in their home on January 31, 1970. Indicted and tried

for murder, he appeals from a conviction and sentence for voluntary manslaughter. *Held:*

1. Where the sole factual basis for a killing in the heat of passion, to reduce the offense from murder to manslaughter, is dependent on the unsworn statement of the accused that he shot at his wife in the course of a domestic quarrel when she advanced upon him with a butcher knife, the instructions of the trial judge in the language of former *Code* § 26-1007 in its entirety affords no basis for a claim of harmful error.

The provocation for a killing in the heat of passion, if the jury so determined under these instructions, was limited to a finding of an actual assault upon the defendant or equivalent circumstances by the victim, as distinguished from words, menaces, threats, or contemptuous gestures. If there be any difference between former *Code* § 26-1007 and the present *Code Ann.* § 26-1102 we are of the opinion that the present definition of the offense, requiring an "irresistible passion resulting from serious provocation," would necessarily include, as one form of serious provocation, an actual assault as specifically covered by the language used in the former law, and which the defendant contended the victim was engaged in at the time of the shooting. Apparently, no change in substantive law was intended by enactment of the present *Code Ann.* § 26-1102, for the Committee Notes in respect to this section include the statement that "[s]uch changes as have been made proceed from the view of modernizing the language of the present law and eliminating unneeded verbiage." Committee Notes, as published in the 1969 Criminal Code Supplement to Georgia Code Annotated, p. 84.

2. The admitted act of the defendant, in shooting at his wife, if not murder or voluntary manslaughter, does not come within the definition of involuntary manslaughter, and the trial judge did not err in failing to charge the provisions of *Code Ann.* § 26-1103 as possible lesser included offenses. If the defendant did not actually intend to kill his wife, as disclosed by his unsworn statement, he nevertheless committed an aggravated assault by shooting at her, a felony under *Code Ann.* § 26-1302, unless he acted in self-defense, in which event his act would show no offense. Thus he was not engaged in the commission of

an unlawful act other than a felony, which is the felony offense of involuntary manslaughter (*Code Ann.* § 26-1103 (a)), and he was not engaged in the commission of a lawful act in an unlawful manner, which is the misdemeanor offense of involuntary manslaughter (*Code Ann.* § 26-1103 (b)). We think the trial judge properly viewed the case as one limited to murder, voluntary manslaughter, or an excusable death.

3. The transcript of the proceedings refutes the contention that the trial judge failed to charge the provisions of *Code Ann.* § 26-902.

4. The evidence supports the verdict, and the trial judge did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*
SUBMITTED NOVEMBER 2, 1970—DECIDED NOVEMBER 25, 1970.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, Stanley P. Herndon, Tony H. Hight,* for appellee.