47631. CENTRAL OF GEORGIA RAILWAY
COMPANY v. LUTHER et al.

ARGUED NOVEMBER 8, 1972—DECIDED JANUARY 22, 1973—REHEARING DENIED FEBRUARY 15, 1973—

*Beck, Goddard, Owen, Squires & Murray, Stephen O. Squires, Howard P. Wallace,* for appellant.

*Barwick, Bentley & Binford, Thomas S. Bentley, M. Cook Barwick, Warren W. Wills, Jr., Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr.,* for appellees.

CLARK, Judge. Central of Georgia Railway Company brings this appeal from an adverse verdict and judgment thereon rendered in a crossing accident. Plaintiff is the widow of Eugene Luther whose death occurred when the automobile owned by him in which he was riding as a passenger when it was being driven by a friend collided with a train which resulted in the deaths of both. Plaintiff named as codefendants the railroad and the administrator of the driver with gross negligence being claimed against the driver. The jury verdict was against the railroad alone.

Enumeration of error No. 1 is based upon the judge having included in his charge to the jury the provisions

of Code § 94-1108 after having charged the jury concerning the requirements of due care. No exception to this was made at the conclusion of the charge but counsel argues we should give effect to the provisions of Code Ann. § 70-207 (c) which provides for review by the appellate courts of "erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."

In *Nathan v. Duncan,* 113 Ga. App. 630 (149 SE2d 383) this court stated the philosophy with which the appellate courts should consider an appeal where errors in a charge are asserted but without counsel having taken exception as required by Code Ann. § 70-207 (a, b). It was there stated at p. 638 that "It is the view of this court that the error in that frame of reference is not harmful unless a gross miscarriage of justice attributable to it is about to result. Generally, if counsel, who are skilled and trained in the law and who have prepared and tried the case, fail to see the error and enter an exception as provided in subsections (a) and (b), it is not to be regarded as harmful. Instances when the charge will be found ground for reversal under subsection (c) are likely to be very, very rare." That approach was approved in *Newcomb v. Pattillo,* 119 Ga. App. 495 (167 SE2d 665) and *Seabolt v. Cheesborough,* 127 Ga. App. 254 (193 SE2d 238). Consideration of the cases in which our appellate courts exercised this prerogative were either those in which there was an erroneous presentation of the sole issue for decision (*Brown v. Brown,* 222 Ga. 446 (150 SE2d 615); *McCurry v. McCurry,* 223 Ga. 334 (155 SE2d 378); *Tabor v. Fowler,* 119 Ga. App. 259 (167 SE2d 220)) or "whether it is of a kind which would have been likely to influence the jury either to find against the defendant or to return a larger verdict than it might have otherwise done" (*Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480, 487 (164 SE2d 318)).

In those cases where review was refused we find the interpretation of the words "substantial error . . . harmful as a matter of law" to be construed as "blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it" (*Hollywood Baptist Church of Rome v. State Highway Dept.,* 114 Ga. App. 98, 100 (150 SE2d 271)) or "a gross injustice is about to result or has resulted directly attributable to the alleged errors" (*Nathan v. Duncan,* 113 Ga. App. 630 (6), supra; *Barlow v. Rushin,* 114 Ga. App. 304 (151 SE2d 199); *Bryant v. Housing Authority of Atlanta,* 121 Ga. App. 32 (172 SE2d 439)).

We do not regard the erroneous inclusion here of Code § 94-1108 to be within the category of "gross injustice" or "blatantly harmful" nor "likely to influence the jury." This Code section merely states a rule of evidence as to railroads that the proof of injury "shall be prima facie evidence of the want of reasonable skill and care." The railroad here sought to rebut plaintiff's case by its own evidence but was unsuccessful. The Code rule does not conflict with the general duty imposed upon everyone to exercise ordinary care.

Analogous to the case sub judice is *Roberts v. Halpern's Home Stores of Ga.,* 119 Ga. App. 826 (1) (169 SE2d 177), where the giving of the evidence rule as to the presumption raised by failure to produce a witness was held "not palpably harmful as a matter of law."

Our ruling that it was not harmful to the extent required to come within the necessity of noting an exception as required by § 70-207 (c) is not in contradiction to those cases holding that the "presumptive negligence statute" should not be given in charge to the jury as illustrated by *Atlantic C. L. R. Co. v. Thomas,* 83 Ga. App. 477 (64 SE2d 301); *Atlantic C. L. R. Co. v. Rowe,* 83 Ga. App. 540 (64 SE2d 216); *Seaboard A. L. R. Co. v. Fountain,* 173 Ga. 593 (160 SE 789).

■ The second assignment of error contends the court should have charged the railroad's defenses that the plaintiff could be barred from recovering under comparative negligence and under avoidance of consequences doctrine, both of which were pleaded in their answer. This contention is based upon the general principle that the negligence of his driver is imputable to the owner of an automobile in which he is riding as a passenger. *Rogers v. Johnson,* 94 Ga. App. 666 (96 SE2d 285); *Morris v. Cochran,* 98 Ga. App. 786 (2a) (106 SE2d 836). We recognize the presence of the owner in his vehicle results in an inference that the driver was the owner's agent or servant and that the owner was thus in control of the operation of the car. *Trawick v. Chambliss,* 42 Ga. App. 333 (3) (156 SE 268). But this inference applies only where nothing else appears. *Blount v. Sutton,* 114 Ga. App. 767 (152 SE2d 777); *Floyd v. Colonial Stores,* 121 Ga. App. 852 (176 SE2d 111). This was expressly stated in Headnote 1 of *Floyd v. Colonial Stores,* supra: "However, this inference may be drawn only where nothing else appears" and the court went on to say in its opinion at p. 855, "So far as we know it is nowhere held that the negligence of a driver is ipso facto imputable to the owner simply because he may be a passenger at the time of the collision." Under the evidence in the transcript concerning the condition of the owner and his incapacity the inference was rebutted. There was accordingly no error in failing to charge either comparative negligence or avoidance of consequences because the general rule applied that the negligence of the driver, if any, is not imputable to the passenger even though he was the owner.

■ The third and fourth assignments of error deal with admission of testimony, over timely objection, of an expert witness presented by plaintiff. Fifty-two pages of the transcript are devoted to the testimony of Georgia Tech Professor James Hardy Lucas. His qualifications

were established by professional credentials and experience with railroad equipment and operations including collision investigation and reconstruction including investigation of railroad grade crossing collisions. His testimony revealed a detailed investigation of the collision scene and all other pertinent facts.

Defendant railroad asserts that certain evidence presented by this expert came from a scientific textbook and therefore was inadmissible since it is either hearsay or violated the principle that "The [expert] witness' opinion must be his own; he cannot act as a mere conduit for the opinion of others." (Quoted from 32 CJS 293 in *Central of Ga. R. Co. v. Brower,* 106 Ga. App. 340, 346 (127 SE2d 33)). See also *Thompson v. Ammons,* 160 Ga. 886 (4) (129 SE 539) which recognized that "an expert witness may testify to opinions of his own derived from books" but ruled that reversible error occurs when an expert merely adopts and restates the opinion of the author.

Our review of the transcript does not support this contention. The testimony to which objection has been made was based upon the expert's experience, his personal investigation and his study. As such it constituted an independent expression of the expert's personal opinion and was properly ruled to be admissible. Code § 38-1710; *Boswell v. State,* 114 Ga. 40 (3) (39 SE 897); *Mayor &c. of Jackson v. Boone,* 93 Ga. 662 (1) (20 SE 46).

■ The fifth assignment of error also deals with an evidentiary question. Jack Solomon was fireman on the train involved in this incident. He was asked on direct examination "And you are certain that the train was going 60 miles an hour?" This was objected to by reason of being a conclusion, and the objection was sustained. It is not error for witnesses to testify to their opinions as to speed, whether they be expert or lay, with proper facts stated on which the opinion is based. *Eastern Dehydrating Co. v. Brown,* 112 Ga. App. 349 (4) (145 SE2d 274). But the exclusion here was not harmful because the

transcript shows that on three previous occasions (T. 282, 285, 290) this same witness was permitted to testify without objection as to this identical fact concerning speed of the train. It is clear that exclusion of this testimony on the fourth occasion was not substantial error warranting a new trial. See *Eberhardt v. Bennett,* 163 Ga. 796 (2) (137 SE 64); *Hunt v. Williams,* 104 Ga. App. 442 (2) (122 SE2d 149).

■ The sixth assignment of error deals with the withdrawal by the trial judge of an erroneous charge with reference to the duty and degree of care of a motorist approaching a railroad crossing.

In compliance with our modernized procedure which eliminated "sandbagging"[1] the trial judge through subsequent microscopic inspection for errors in his charge, we now require counsel to state in open court their exceptions at its conclusion. Code Ann. § 70-207 (a). Here plaintiff's counsel informed the court that the charge had included an erroneous legal proposition. After the colloquy that ensued in which defendant's advocate explained wherein he regarded his written request to have differed from the ruling in *Wright v. Dilbeck,* 122 Ga. App. 214 (176 SE2d 715), the trial judge stated his intention to withdraw that portion of his original charge. Upon the jury being returned to the courtroom the trial judge withdrew the single paragraph and additionally clarified the manner in which they were to compute damages to figure the present cash value of decedent's life.

Relying in this court upon *Keaton v. State,* 27 Ga. App. 164 (107 SE 599), which ruled "By withdrawal of the instructions alleged to be erroneous, and the giving of instructions in lieu of them, of which there is no complaint, the court cured the error if any was made," appellant argues the correct procedure in such instances requires two-fold action: withdrawal and correction. We

---

[1]Poker parlance but more expressive than "ambush."

submit that if counsel was dissatisfied with the mere withdrawal and desired an additional charge, it was incumbent upon him to state his position. This is in accord with the philosophy inherent in our modernized procedure as codified in Code Ann. § 70-207. "A party cannot acquiesce in a ruling of the court, proceed with the trial with the ruling unchallenged, and thereafter, assert that the ruling was harmful error." *State Hwy. Dept. v. Willis,* 106 Ga. App. 821 (2) (128 SE2d 351). See also *Magyer v. Brown,* 116 Ga. App. 498, 501 (157 SE2d 825).

"Of his own motion and over the objection of either party, the judge may recall the jury from their room and withdraw any instructions which have been improperly given, or give them needful instructions on any matter which through oversight was not included in the regular charge." *Patterson v. State,* 122 Ga. 587 (1) (50 SE 489). See also *Carr v. John J. Woodside Storage Co.,* 103 Ga. App. 858 (4) (120 SE2d 907) and *Black v. Aultman,* 120 Ga. App. 826 (7) (172 SE2d 336).

■ The seventh enumeration of error complains of the court's refusal to admit a certain photograph showing the wrecked car on the basis that this is the only evidence illustrating the impact and the resulting raised portion of the automobile. Other photographs and other evidence sufficiently illustrated the defense contentions. Accordingly, defendant was not harmed. See *Gardner v. Ga. & Fla. R. Co.,* 120 Ga. App. 494 (171 SE2d 540). Furthermore, the presence in this photograph of a Playboy Magazine which was not mentioned elsewhere might have had an unfair prejudicial effect.

■ The eighth enumeration of error contends the trial court abused its discretion in refusing to permit the jury to view the scene of the collision. Appellant recognizes this to be largely a matter of discretion. *Moore v. Macon Coca-Cola Bottling Co.,* 180 Ga. 335 (178 SE 711); *Bibb County v. Reese,* 115 Ga. 346 (41 SE 636); *Rogers v. McElroy,* 106 Ga. App. 120 (126 SE2d 294). Initially the

trial judge decided to permit group visual inspection of the location but thereafter decided otherwise.

The trial judge, Hon. Harold R. Banke, is to be commended on the manner in which he handled the situation. He noted that "while the parties are in agreement to go, I am afraid that if you go up there with a heavy fog that you will not see the situation as it existed on that date, it being a clear day." He pointed out that there were a number of pictures in the case which were sufficient for the jury to understand the contentions and that he did not want the possibility of the fog distorting their view and concluded "It is my own decision that you not go up there to view the scene this morning." (T. 338) Thus there was removed from the jurors the possibility that they might regard this reversal of position to be due to any counsel or party. There was no error.

■ The final enumeration of error was general in nature, stating there was error in overruling the motion for new trial. We find no merit in this contention.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*