## 48380. LOUGHMAN v. SHINE.

EBERHARDT, Presiding Judge. Sidney Shine had a customer who desired to obtain a financial guarantee bond. He made a number of efforts to obtain one for the customer, but failed, and then referred the customer to Massey Loughman, who was a realty broker associated with Fred N. Brown Associates. Loughman succeeded in getting the bond and received a commission for his services of $22,500. Brown required payment of one-half of the commission to it. Shine demanded half of the commission for his referral services, which Loughman refused to pay, and Shine sued him.

Shine contended that under his oral contract with Loughman the

commission on the bond, if obtained, was to be split equally between them, and that if Loughman was obligated, or should incur any obligation to pay any part of the commission to another, it would come out of Loughman's half, and that likewise if Shine were obligated to another in connection with the matter, or should incur any expense, it would come out of his half of the commission. Loughman contended otherwise, urging that the agreement was to divide the *net* commission equally between them.

The matter was tried before a jury, which returned a verdict for the plaintiff for $11,250 principal and $1,110 interest. Defendant appeals. *Held:*

1. An oral contract is sufficient to support the action. *Norwood v. Robie,* 102 Ga. App. 206 (1) (115 SE2d 729).

2. There is a conflict in the evidence as to what the terms of the contract were, making an issue for resolution by the jury. There is evidence to support the verdict, and the general grounds of the motion for new trial are without merit.

3. In the charge the court instructed that "this is a suit on a contract brought by the plaintiff against the defendant. A contract is an agreement between two or more parties for the doing or not doing of some specific thing. There are two kinds of contracts. One is a specialty, which has certain requirements to it, and the other one is a simple contract. *This is a simple contract* and simple contracts may be either in writing or rest only in words as remembered by the witnesses. Parol contracts under this code shall include only the latter."

Error is enumerated on the italicized portion of this charge. The objection lodged at the conclusion of the charge was that the jury might conclude that this was "a ruling on this and that this was a simple contract, and I would have much preferred Your Honor to have said, 'This suit involves what is known as a simple contract,' as opposed to 'This is a simple contract.'"

The portion of the charge quoted above was immediately followed by an instruction that the contract must be supported by a consideration, assent of the parties to its terms, and a subject matter upon which to operate, and "Members of the jury, the question which you must decide is this: Was there a contract between the parties? If so, what were the terms of it, and if it was a contract, is there anything due to the plaintiff by defendant under the evidence?"

When the charge is considered as a whole it is obvious that the

exception was without merit.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

ARGUED JUNE 29, 1973 — DECIDED SEPTEMBER 10, 1973.

Action on contract. Fulton Civil Court. Before Judge Wright.

A. *Ed Lane,* for appellant.

*Arthur P. Tranakos, Martin S. Jackel,* for appellee. ·