51480. ROGERS v. THE STATE.

CLARK, Judge.
Defendant was indicted by the Grand Jury of

Hancock[1] County and charged with murder of his father. His jury trial resulted in his conviction of the lesser offense of voluntary manslaughter. Appeal is brought from the trial court's denial of his motion for new trial. *Held:*

1. Defendant's first enumeration alleges error in the trial court's refusal to grant a directed verdict of acquittal. We summarize the state's evidence as follows: The events leading to the shooting began when the decedent suddenly and unexpectedly grabbed his shotgun and attempted to load the weapon. Although his intentions were unclear, the decedent was apparently intoxicated and distressed over some family matter. Decedent's wife attempted to intervene and unsuccessfully tried to take the weapon from her husband. The wife left the room and defendant came upon the scene and began struggling with his father. The decedent was subsequently shot in the hand and finger and in the chest. Decedent's shotgun, which was the object of the earlier struggle, was not loaded and had not been fired. Defendant was the only person in the immediate vicinity of the shooting. Most incriminating was his oral voluntary admission to the sheriff that he had shot his father.

The state's evidence created an issue of fact as to defendant's guilt which the trial court properly submitted to the jury for determination. Accordingly, defendant's first enumeration is without merit.

2. Enumerations 2, 3, 4, and 7 allege as errors the court's failure to instruct the jury on the defense of accident and the judge's refusal of several requested charges on this defense. Accident is an affirmative defense. *Chandle v. State,* 230 Ga. 574, 576 (198 SE2d 289). "With respect to any affirmative defense authorized in this Title, unless the State's evidence raises the issue invoking the alleged defense, the defendant to raise the issue, must present evidence thereon. . ." Code Ann. § 26-401(a).

---

[1]Named for John Hancock, Revolutionary War patriot, president of the Continental Congress, and the first signer of the Declaration of Independence.

Defendant presented no evidence at trial and thus did not meet his burden of production with respect to this affirmative defense. The trial judge noted on the margin of the requested charge: "Refused; no evidence to support same. Defendant offered no statement or evidence." (R. 12). Additionally, contrary to appellant's contentions, no evidence was presented by the state from which the jury might have inferred that the two pistol wounds were accidentally inflicted. As there was no evidence supporting this defense, the proffered instructions were properly refused and no error was committed in the court's failure to charge the defense of accident. See *Carter v. State,* 232 Ga. 654, 657 (208 SE2d 474); *Burgess v. State,* 117 Ga. App. 284, 286 (3) (160 SE2d 411). These enumerations are without merit.

3. Defendant's fifth enumeration of error is unsupported by argument or citation of authority as is required by Rule 18 (c) of this court (Code Ann. § 24-3618 (c) (2)). This enumeration is therefore deemed abandoned. *Boyd v. State,* 133 Ga. App. 136, 138 (2) (210 SE2d 251).

4. The sixth enumeration alleges error in the court's failure to instruct the jury on involuntary manslaughter. Defendant would be entitled to this charge if there was evidence tending to show (a) that the accused, without any intention to do so, caused the death by the commission of an unlawful act other than a felony or (b) that the accused, without any intention to do so, caused the death by the commission of a lawful act in an unlawful manner. See Code Ann. § 26-1103 (a) and (b).

This issue is controlled adversely to defendant by the conclusions reached by this court in the similar factual settings of *Washington v. State,* 126 Ga. App. 396 (190 SE2d 821) and *Tate v. State,* 123 Ga. App. 18 (179 SE2d 307). The rationale employed in *Washington* (p. 397) is equally applicable here: "Under the facts even if the defendant did not intend to kill the Deceased. . . he nevertheless committed an aggravated assault upon his victim, a felony under Code Ann. § 26-1302, unless, of course, he was acting in self-defense, in which case he would be guilty of no crime. Thus the deceased's death was not caused by defendant by the commission of an unlawful act other than a felony and there is no basis to show that

defendant caused the death in the commission of a lawful act in an unlawful manner. [Cit.]. The trial court correctly limited the case to murder, voluntary manslaughter or justifiable homicide by reason of self-defense."

5. Enumerations 8 and 9 challenge the correctness of certain portions of the court's charge. In examining these instructions, we are once again guided by Justice Logan Bleckley's words of wisdom: "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews,* 79 Ga. 1 (4 SE 13).

While the instructions complained of were expressed in words of the trial jurist's own phrasing rather than the language of adjudicated cases, they stated correct legal principles. We have reviewed the charge as a whole and conclude that no error was committed therein.

6. Defendant's final enumeration alleges that there was no evidence upon which to base the court's instruction on voluntary manslaughter. To the contrary, the evidence showed that the defendant had been seriously provoked by the deceased and that the killing occurred as a result of a heated family disturbance. The instruction was warranted and the jury was authorized to conclude, as it did, that defendant acted in the heat of passion arising from decedent's serious provocation. See Code Ann. § 26-1102.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 5, 1975 — DECIDED JANUARY 5, 1976 — REHEARING DENIED JANUARY 21, 1976 —

*Eva L. Sloan,* for appellant.
*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, defendant's able counsel

contends that certain facts summarized in our opinion are unsupported by the record. We recognize the circumstantial nature of the case presented as well as the conflicting inferences which may arise from parts of the evidence. Upon re-examination of the trial transcript, we nevertheless remain convinced that the state's evidence was sufficient to support the jury's verdict. In reaching this conclusion, we place considerable weight upon defendant's admission and the testimony of the decedent's wife (defendant's mother) which placed defendant alone in the vicinity of the shooting. In view of the above facts, other pieces of evidence which may be susceptible of different inferences diminish in their importance.

We have considered the remaining contentions raised in defendant's motion for rehearing and find them to be without merit. The motion is therefore denied.

*Rehearing denied.*