## 54097. PRINCE v. THE STATE.

McMurray, Judge.

The defendant was indicted for the murder of his brother and convicted of voluntary manslaughter. Defendant appeals. *Held:*

1. There was evidence of the following: Approximately three months prior to this incident the father of these brothers had passed away, and that all of the family, including the administrator of his father's estate, had delegated to defendant the responsibility of caretaker for the home of the deceased father. This incident involving a death by shotgun occurred at that home when, according to defendant's testimony, he had opened the door about five after eleven that night and allowed his brother (the deceased) to enter since his brother expressed a desire to talk to him. Defendant further testified that upon his brother's entry into the home "we walked in the bedroom, you know. So, then he started arguing with me. I said I ain't got time to argue, I said I have got to get up and go to work the next morning, so he just kept on arguing with me. So I walked out of the bedroom. I walked in the den. He was still following me, arguing. . . I told him please leave me alone. Then I asked him to leave. I kept asking him to leave. . . Then he told me he would hit me or something . . . so I went and got the gun to try to scare him. I didn't mean it, the gun went off, I didn't shoot my brother, I didn't shoot him. The gun just went off and I had it up in the air like that . . . the gun started falling. When I caught it, it went off and he was standing there." Therefore, there was some evidence that defendant was in lawful possession of the home and was authorized to order his brother to leave. The evidence of the exercise of a lawful act by the unlawful method of threatening him with a deadly weapon is sufficient to raise an issue as to whether defendant's act amounted to

involuntary manslaughter under Code § 26-1103 (b) (involuntary manslaughter is the commission of a lawful act in an unlawful manner). The issue of this lesser included offense having been raised by the evidence, and defendant having requested a charge thereon in writing, the court erred in failing to instruct the jury accordingly. See *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354). Compare *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424), and cases cited at page 243 (overruled by *Stonaker* where no request to charge made); and *Bloodworth v. State,* 216 Ga. 572 (4) (118 SE2d 374).

2. Defendant also contends that the court erred in charging that the jury "must" return one of four alternative verdicts charged without also cautioning them that no juror is required to surrender his honest opinion for that of the majority. Defendant relies heavily upon *Greeson v. State,* 138 Ga. App. 572 (3) (226 SE2d 769), which has been overruled in *State v. Greeson,* 237 Ga. 193 (1) (227 SE2d 324). The charge of the court when viewed as a whole did not unduly press the jury to agree upon a verdict. The court also charged that "Any verdict agreed upon by you must be a unanimous verdict of all of you, freely and voluntarily reached." There is no merit in this enumeration of error.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 24, 1977 — DECIDED JULY 6, 1977.

*Al Horn, Charles Thornton,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.