57705. THOMAS et al. v. STATEWIDE BEVERAGE EQUIPMENT, INC. et al.

SMITH, Judge.
Appellees brought this action against appellants to obtain payment under an alleged contract for the remodeling of appellants' restaurant. Appellants

counterclaimed, asserting that appellees had 1) converted certain property and 2) fraudulently overcharged them. Following a trial, the trial court granted appellees' motion for directed verdict on the counterclaims. The jury returned a verdict in favor of appellees and judgment was rendered in accordance with the verdict. Appellants assert that the jury verdict was excessive and that the trial court erred in granting appellees' motion for directed verdict. We reverse the direction of a verdict on appellants' counterclaim for conversion of certain chairs, tables, and fixtures. In all other respects, the judgment of the trial court is affirmed.

1. The verdict was supported by the evidence and was not excessive.

2. It is undisputed that appellees were in lawful possession of building materials, chairs, tables, and fixtures of appellants. In order to establish a conversion of property under these circumstances, it was incumbent on appellants to show a demand for the return of the property and a refusal to deliver it. *McDaniel v. White,* 140 Ga. App. 118, 119 (230 SE2d 500) (1976); *Robbins v. Welfare Finance Corp.,* 95 Ga. App. 90, 96 (96 SE2d 892) (1957). Appellants produced no evidence of a demand for the building materials or a refusal to deliver them. Therefore, appellants have failed to establish a prima facie case of conversion of building materials.

A different result must obtain with respect to appellants' chairs, tables, and fixtures. As to these items appellants introduced sufficient testimony to raise a jury question on "demand and refusal." For instance, appellant Earl Thomas testified: ". . . I come over there to pick up the property at one time and was refused the property." In light of this testimony, it was error for the trial court to direct a verdict against appellants on their counterclaim for conversion of appellants' chairs, tables, and fixtures. Appellees introduced no legally conclusive evidence that a "demand and refusal" had not taken place.

3. The trial court did not err in directing a verdict against appellants on their counterclaim for fraud. We are in complete agreement with the trial judge that the instant case is not "a fraud case." While there was clearly a dispute over certain price terms in the contract,

appellants did not provide sufficient testimony to raise a jury question on fraud. See *Cosby v. Asher,* 74 Ga. App. 884, 886 (41 SE2d 793) (1947).

4. Appellants assert that the trial court committed reversible error in sustaining appellees' objection to the admission of an accountant's summary of appellees' books. We disagree. The substance of the summary, as appellants concede, had already been received into evidence through other testimony. Since the accountant's summary was merely cumulative evidence, its exclusion could not have prejudiced appellants' case. *Gardner v. Georgia & F. R. Co.,* 120 Ga. App. 494 (171 SE2d 540) (1969). Furthermore, any error in the exclusion of such evidence was cured by the verdict. At trial, appellants contended that appellees were not entitled to any markup on labor. The accountant's summary was offered for the purpose of establishing the amount of the markup. Appellants hoped to convince the jury that appellants were overcharged to the extent of the markup. The jury, however, necessarily determined that appellees were entitled to the markup inasmuch as they reached a verdict in the amount of appellees' final billing. The jury having decided that appellees were entitled to the markup contained in the final billing, the amount of the markup is without significance.

5. The remaining enumerations of error are without merit.

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Birdsong, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED NOVEMBER 14, 1979.

*Fletcher Thompson,* for appellant.
*Tyrus R. Atkinson, Jr.,* for appellee.