## 66227. SPOON v. HERNDON.
## 66228. COOLEY v. SPOON.

SHULMAN, Chief Judge.

These appeals arose from the trial court's grant of a directed verdict in favor of plaintiff Milton Herndon against defendant William Spoon and the grant of a directed verdict in favor of Spoon against third-party defendant Norman Cooley in this trover action. The trial court's judgment awarded Herndon possession of and title to the vehicle in question and awarded Spoon $5,500 on his third-party complaint. Spoon enumerates two errors in the judgment in favor of Herndon, and Cooley enumerates five errors in the judgment in favor of Spoon.

Herndon purchased a 1974 Porsche automobile from Thomas Jones in November 1974. It is undisputed that the purchase price was $2,500 and that Herndon's employer, Don Dawson, provided $2,000 of the purchase price. Dawson operated a car sales and repair business and Herndon was employed as a mechanic. Dawson testified that the $2,000 constituted a loan that was to be repaid within 90 days. He also testified that the agreement contemplated that he retain the certificate of title as security. Herndon disputes the agreement as to security; however, both the vehicle and the certificate of title remained at Dawson's business.

Herndon initiated repair and refurbishing of the vehicle. However, his employment with Dawson was terminated before those repairs could be completed and within 90 days of the purchase of the car. Dawson retained both the vehicle and its title. He subsequently delivered the vehicle to Cooley to complete the repairs and find a purchaser. Spoon eventually purchased the car from Cooley and obtained the certificate of title.

In the meantime, Herndon went back to Jones and represented that the original title had been lost. Jones allegedly gave him two powers of attorney to apply for the new certificate and to transfer title under that certificate to Herndon, although the evidence is conflicting as to whether Jones actually granted both powers. Herndon did obtain a duplicate certificate of title. When Spoon's bank applied for a title in Spoon's name, the conflicting titles were discovered.

After an interesting tug-of-war with respect to possession of the vehicle, Herndon filed this trover action in which he elected at trial to pursue possession instead of money damages. Spoon brought Cooley into the action for alleged breach of an implied warranty of title. The trial court found no conflict in the evidence showing that Herndon had title to the car and that Cooley breached an implied warranty of title.

*Case No. 66227*

1. Spoon's first enumeration of error simply contends that the evidence was in conflict as to who had title to the vehicle. He bases his claim to title solely on the contention that he obtained the title through Dawson, who had foreclosed his valid security interest. According to Spoon, the evidence would support a jury finding that Dawson had a valid security interest and that foreclosure of that interest cut off Herndon's title to the car. We agree.

A writing is not required for an enforceable security interest to arise if the secured party has possession of the collateral. OCGA § 11-9-203 (1)(a) (Code Ann. § 109A-9—203); compare *McDonald v. Peoples Automobile Loan &c. Corp.,* 115 Ga. App. 483, 487 (154 SE2d 886). The failure to comply with the Motor Vehicle Certificate of Title Act (OCGA § 40-3-1 et seq. (Code Ann. § 68-401a et seq.)) with respect to the perfection of security interest (OCGA § 40-3-50 (b) (Code Ann. § 68-421a)) " 'does not affect the *creation* of the security interest, which remains a matter of contract between the parties.' It follows that a failure to comply with the Act does not nullify the contract but merely has the effect of loss of priority where the rights of third parties who complied with the Act have intervened." *Hallman v. State of Ga.,* 141 Ga. App. 527, 528 (233 SE2d 839).

Dawson's testimony provided a sufficient factual basis for the jury to conclude that he obtained a security interest in the vehicle through an oral agreement with Herndon. Thus, there was ample evidence from which the jury could have concluded that the sale to Spoon was pursuant to the foreclosure, by way of private sale, of a valid security interest. There was no evidence presented at trial from which the jury could have concluded that Spoon was not a good faith purchaser. Consequently, any defects in the manner of foreclosure by Dawson would have no effect on the validity of Spoon's title. OCGA § 11-9-504 (4) (b) (Code Ann. § 109A-9—504).

Where there is a conflict in the evidence as to the existence of an oral contract or as to its terms, the matter must be submitted to a jury for resolution. *Frey v. Friendly Motors, Inc.,* 129 Ga. App. 636, 638 (200 SE2d 467); *Loughman v. Shine,* 129 Ga. App. 600 (2) (200 SE2d 326). "It is error to direct a verdict unless the evidence demands the particular verdict and fails to disclose any material issue for jury resolution." *Gibbs v. Jim Wilson Chevrolet Co.,* 161 Ga. App. 171, 172 (288 SE2d 264); OCGA § 9-11-50 (a) (Code Ann. § 81A-150). Since the evidence presented a genuine issue of fact as to whether Dawson had a valid security interest in the vehicle, the trial court erred in directing a verdict in favor of Herndon.

2. Pursuant to an apparent agreement among counsel, Spoon

returned the vehicle to Herndon pending resolution of this case. Spoon then counterclaimed in trover for return of the car and by amendment asserted a claim for attorney fees. The trial court granted Herndon's motion to strike the claim for attorney fees. In his remaining enumeration of error, Spoon challenges this ruling.

"[T]he simple denomination of one party as plaintiff and another as defendant should not dictate a possible award of attorney fees . . . [OCGA § 13-6-11 (Code Ann. § 20-1404)] should, on the contrary, be read to permit any party prosecuting a viable, independent claim to recover attorney fees whenever the enumerated statutory criteria for such an award are met." *Ballenger Corp. v. Dresco &c. Contractors, Inc.,* 156 Ga. App. 425, 431 (274 SE2d 786). It is clear that Spoon asserted by way of counterclaim a claim for relief "entirely independent of any simple assertion that [Herndon] acted in bad faith in filing the within suit . . ." Id. However, Spoon has not asserted a "viable" claim in trover for possession of the vehicle. At trial, Spoon's counsel represented to the court that the vehicle was returned to Herndon's possession only pursuant to an agreement between counsel pending the outcome of this case. Herndon's possession was lawful and Spoon could show no demand by him for return of the property and a refusal by Herndon to deliver it. *Thomas v. Statewide Beverage &c., Inc.,* 152 Ga. App. 293, 294 (262 SE2d 575). Herndon's complaint was based upon his demand on Spoon to return the car and Spoon's refusal to do so. The accommodation agreement between counsel did not alter the nature of this action. Consequently, Spoon could assert no viable claim in trover to support his claim for attorney fees. The trial court did not err in striking that portion of Spoon's answer.

### Case No. 66228

3. Cooley's first enumeration contends that the trial court erred in directing a verdict in favor of Herndon against Spoon. We have already addressed this argument (see Division 1) and agree. However, Cooley does not argue that this error would alter the disposition on Spoon's motion for directed verdict, and in view of our disposition of his second enumeration, this issue will not be addressed.

4. Cooley contends in his second enumeration of error that there was an issue of fact as to whether he transferred the vehicle to Spoon pursuant to an implied warranty of title. Spoon's cause of action against Cooley is based on OCGA § 11-2-312 (1) (Code Ann. § 109A-2—312), which reads a warranty of title into every sales contract, subject to the exceptions noted in OCGA § 11-2-312 (2) (Code Ann. § 109A-2—312). Cooley's sole argument against the finding of an implied warranty in this case is based on the exceptions

noted in subsection (2), which provides in part that "[a] warranty under subsection (1) of this Code section will be excluded . . . by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have." We agree that the evidence in this case created a conflict as to whether the warranty of title was excluded pursuant to OCGA § 11-2-312 (2) (Code Ann. § 109A-2—312).

Spoon testified that he had no knowledge of either Dawson's or Herndon's alleged interest in the car. Cooley testified that he did not tell Spoon that he owned the car and that he thought he mentioned Dawson's interest. The certificate of title delivered to Spoon still listed Jones as the seller. Under these facts, the jury could have concluded that the purchase and sale transaction involved "circumstances which [gave Spoon] reason to know that [Cooley did] not claim title in himself or that he [was] purporting to sell only such right or title . . . a third person may have [had]." OCGA § 11-2-312 (2) (Code Ann. § 109A-2—312). Consequently, the trial court erred in directing a verdict in favor of Spoon on his third-party complaint.

5. The above facts do not, however, mandate judgment in favor of Cooley. Cooley's testimony about the facts concerning ownership which he allegedly related to Spoon was equivocal, and Spoon testified that Cooley informed him that he owned the car. We cannot conclude that the mere fact that another name appears as the owner on the certificate of title negates a seller's warranty of title, particularly in the face of the seller's alleged representation that he owns the vehicle. Cooley did have possession of both the vehicle and the title certificate. The evidence did not demand a verdict in favor of Cooley, and the trial court did not err in denying his motion for a directed verdict. OCGA § 9-11-50 (a) (Code Ann. § 81A-150).

6. In view of our holding in Divisions 1 and 4, the case must be remanded for retrial on the complaint and the third-party complaint. The evidentiary issue raised in Cooley's fourth enumeration of error is moot and will not likely arise upon retrial of the case; thus, we will not address Cooley's fourth enumeration.

*Judgment affirmed in part and reversed in part and case remanded. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 8, 1983.

*James M. Anderson III,* for appellant (case no. 66227).
*J. Houston Lennard, Irwin M. Ellerin,* for appellee.
*Allan Galbraith, Irwin M. Ellerin,* for appellant (case no. 66228).

*J. Houston Lennard, James M. Anderson III,* for appellee.