Gail L. REINHARDT n/k/a Gail L. Williams and Roger P. Bernhardt, Plaintiffs/Appellants,

v.

Peter J. NIKOLAISEN, et al., Defendants/Respondents.

No. 54911.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied Sept. 12, 1989.

Roger P. Bernhardt, Eugene Portman, Clayton, for plaintiffs/appellants.

Robert E. Jones, St. Louis, for defendants/respondents.

GRIMM, Presiding Judge.

Plaintiffs petitioned to determine title and right to possession of art works in decedent's estate. Defendants did not claim ownership of the assets, but claimed a possessory lien for a debt. The trial court found that the estate's ownership was subject to the lien, which secured decedent's obligations.

Plaintiffs' appeal raises two points. They allege the "trial court erred in allowing defendants to testify as to the existence of a lien for the reason that the statute of frauds bars such testimony." They also allege that the trial court erred "in allowing a lien against the property of decedent for the reason that no claim was filed against the estate in the probate court." Finding no error, we affirm.

Plaintiffs' decedent, Siegfried Reinhardt, was a well-known St. Louis artist and a close friend of defendant, Peter J. Nikolaisen. Nikolaisen owned and operated Nikolaisen's Sunset 44 Restaurant.

Sometime between 1970 and 1972, Nikolaisen and Reinhardt agreed that Reinhardt could display and sell his art work at Nikolaisen's restaurant. They also agreed that Reinhardt could charge his food and drink purchases at the restaurant and pay later.

Nikolaisen testified, and the trial court found, that an additional agreement was created in December, 1978. At that time,

Nikolaisen loaned $3,000 to Reinhardt. Reinhardt agreed to repay the loan in full by June 30, 1979, or in monthly installments beginning on July 31, 1979. Reinhardt also orally agreed that the paintings in Nikolaisen's possession were pledged as security for the repayment of the $3,000 loan and any outstanding debt owed for food and drink.

At the time of Reinhardt's death in October, 1984, 45 of his paintings were on display at the restaurant. Sometime after Reinhardt's death, plaintiff Gail Williams asked Nikolaisen to sign a memorandum confirming the estate's ownership interest in the paintings. He did.

Williams subsequently demanded that Nikolaisen return the paintings to the estate. Nikolaisen returned 41 of the 45 works. He held four paintings as collateral for the debt owed him. He contends that the debt now totals $7,693.17, including $5,734.52 for the loan with interest and $1,958.65 for outstanding restaurant bills. He did not file a claim against the estate.

Plaintiffs allege that the "trial court erred in allowing [Nikolaisen] to testify as to the existence of a lien for the reason that the statute of frauds bars such testimony." They maintain that the debt is barred by the statute of frauds, citing § 432.010, RSMo 1986.

■ The cited statute of frauds is not applicable for several reasons. First, when considering whether a security interest is enforceable, the determinative statute is § 400.9–203, RSMo 1986.* As the comment to this section says: "This section is in the nature of a statute of frauds." § 400.9–203, V.A.M.S. (1965 & Supp.1989). *See also* Unif. Commercial Code § 9–203, 3 U.L.A. 239–240, comments 3 & 5, 1972 Official Comment (1981); 2 J. White and R. Summers, Unif. Commercial Code § 24–3 (3d ed. 1988).

Section 400.9–203(1) establishes that a security interest is not enforceable unless "(a) the collateral is in the possession of the secured party; or (b) the debtor has signed

a security agreement [meeting certain requirements]." The collateral here, Reinhardt's works, was in the possession of the secured party, Nikolaisen. Thus, the requirements of 400.9–203(1)(a) were met; and a writing was not required to make this security interest enforceable.

■ Second, a promise which is an original undertaking between the promisor and promisee, by which the promisor creates a direct obligation of his own, is not within the purview of § 432.010 and need not be in writing. *Autoquip Corp. v. Nicholson & Assoc. Inc.*, 740 S.W.2d 664, 666 (Mo.App. E.D.1987). Such a promise is enforceable even if made orally. *Meinhold v. Huang*, 687 S.W.2d 596, 598 (Mo.App.E.D.1985). Here, the debt is one which Reinhardt created directly with Nikolaisen. Thus, that statute does not apply.

■ Third, § 432.010 does not control where there has been full and complete performance of the contract by one of the parties. *Trimmer v. Short*, 492 S.W.2d 179, 183 (Mo.App.W.D.1973). Here, Nikolaisen has fully performed his part of the contract by loaning Reinhardt money and furnishing him food and drink. That statute is inapplicable, oral testimony was not barred, and the point is denied.

■ In their other point, plaintiffs allege trial court error "in allowing a lien against the property of decedent for the reason that no claim was filed against the estate in the probate court." They base their allegation on § 473.360, RSMo 1986, the six months claims statute. They argue that since Nikolaisen's claim was not timely filed, it is "of no consequence" that the claim is secured.

Plaintiffs are mistaken. Paragraph 4 of § 473.360 specifically provides that "[n]othing in this section affects or prevents any action or proceeding to enforce any mortgage, pledge or other lien...." Here, as the trial court found, Reinhardt pledged his art works as security for his debts. As a result, Nikolaisen has a security interest in

---

* We observe that this section was amended in 1988, effective January 1, 1989. The amend-

ment, however, is not relevant to the issue presented.

the art works and is not precluded by § 473.360 from enforcing the pledge.

Plaintiffs also rely on § 473.387, RSMo 1986, which concerns filing secured claims in probate court. They contend that a "secured claimant has no option to ignore filing" within six months. That position overlooks § 473.360.4. It also ignores the plain language of § 473.387. Section 473.-387 provides that "[t]he creditor *may* surrender his security and be paid out of the assets of the estate" (emphasis added), but "[n]othing in this law shall be construed to compel the creditor to surrender his security until he receives payment...." *See also*, 4 A. MAUS, MISSOURI PRACTICE, § 924 (1960), where the respected commentator observes that "the barring of a claim by [§ 473.360] shall not affect or prevent any action or proceeding to enforce" a pledge. Point denied.

The judgment is affirmed.

GARY M. GAERTNER and KAROHL, JJ., concur.