**In re John Hamilton FISH and Melody K. Fish, Debtors.**

**Bankruptcy No. 91–01646–C.**

United States Bankruptcy Court, N.D. Oklahoma.

June 21, 1991.

Gary W. Wood, Tulsa, Okl., for debtors.

---

Charles Sifers, Oklahoma City, Okl., for creditor.

Katherine Vance, Asst. U.S. Trustee, Tulsa, Okl.

### MEMORANDUM

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the Motion of the Debtors to Determine the Secured Status of the Claim of Odom's Jewelers and for turnover of property.

### Statement of Fact

On May 14, 1991, the Debtors filed their Petition under Chapter 13 of the Bankruptcy Code. At the time of filing the Petition, the Debtors were indebted to Odom's Jewelers in the amount of $2,669.25. The debt arose from the purchase by the Debtors of the following described jewelry from Odom's on open account prior to 1988.

1. Diamond ring.
2. Diamond wedding band.
3. Seiko watch.
4. Gold chain.
5. Diamond necklace.

The Debtors fell behind in their monthly payments on the open account and in 1988, pursuant to an oral agreement, returned the jewelry to Odom's to be held until the account was paid in full. On the date of bankruptcy, the jewelry was still in the possession of Odom's.

### Conclusions of Law

The issue to be decided is whether Odom has a security interest in the items of jewelry in its possession. The oral agreement of the parties to return the jewelry to the possession of Odom's until the account was paid, amounts to a security agreement under the Okl. Uniform Commercial Code tit. 12A Sec. 9–105(1). Debtor argues, however, that in order to be enforceable, a security agreement must be in writing, signed by the Debtor and contain an adequate description of the collateral. Odom contends that an oral security agreement is enforceable where the collateral is in the possession of the creditor.

Tit. 12A Sec. 9–203 provides in part as follows:

**9–203. Attachment and Enforceability of Security Interest; Proceeds, Formal Requisites**

(1) ... a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:

(a) the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral.

Under this section of the code, a security interest created by an oral agreement is not enforceable unless the collateral is in the possession of the secured party. In the present case the collateral is in the possession of the creditor and therefore its security interest is enforceable against the Debtors. The following cases support this proposition. *Spoon v. Herndon,* 167 Ga.App. 794, 307 S.E.2d 693 (1983), *In re Chuning,* 70 B.R. 98 (W.D.Mo.1987), *Reinhardt v. Nikolaisen,* 775 S.W.2d 284 (1989 Mo. App.).

The claim of Odom is therefore allowed as secured.