MCCLELLAN *et al. v.* MCCLELLAN.

FISH, C. J. 1. The court refused to allow an amendment to the pleadings of the defendants, setting up that the petition sought to assert two inconsistent remedies, viz.: (a) that the deed made by the plaintiff, Mrs. M. T. McClellan, to Walter G. McClellan was procured by duress and fraud; and (b) that Walter G. McClellan, the grantee from the plaintiff, executed a deed to John M. McClellan, the husband of the plaintiff, who in turn conveyed to her the land in controversy. There was no error in refusing to allow such proposed amendment. The plaintiff claimed that she was the owner of the land. She relied on two reasons, in effect alternative, to support her claim: first, that the deed by which she conveyed the land should be set aside; and second, if not, that it had been reconveyed to her. In each case, however, she was seeking to claim the land, and her contentions in this respect furnished no such case of invoking inconsistent remedies (setting up title and denying title) as to authorize the plea praying that the plaintiff be required to make an election. Furthermore, these allegations appeared on the face of the plaintiff's pleadings; there was a trial; the case was taken to the Supreme Court, where a judgment of reversal was rendered; and no such point was ever raised until after the case had again gone to trial and a jury had been stricken, when it was sought to set up this plea.

2. On the trial of the case, before any evidence had been introduced, the principal defendant, Mrs. Ida B. McClellan, tendered a plea of estoppel, in which she set up, that on September 15, 1905, Mrs. M. T. McClellan, the plaintiff, brought an action for temporary alimony and prayed equitable relief against her husband, John M. McClellan; that in that action she alleged that her husband had obtained from her a deed to Walter G. McClellan, and claimed title under a deed made to him by Walter G. McClellan, and she prayed that her husband be enjoined from selling or in any wise changing or altering the status of the lot or inter-

fering with her possession; that the defendant, the husband, denied the allegations, except the fact that a deed was made by the plaintiff to Walter G. McClellan; and that on May 7, 1907, the plaintiff in that action appeared in open court and entered a retraxit, and a judgment was entered reciting that the cause had been settled between the parties and the plaintiff had entered a full settlement and retraxit "as to her rights under the decree and order of court in this case," and it was ordered by the court that the case be marked settled. Upon this plea Mrs. Ida B. McClellan asked that the court render judgment declaring the plaintiff in the present action to be estopped. The court entered an order stating that "the motion of defendant, that upon this plea the court as matter of law determine that the plaintiff be held estopped, is denied. The amendment may be filed as part of defendants' answer." *Held*, that there was no error, as against Mrs. Ida B. McClellan, in this judgment.

3. Under former rulings of this court, a refusal of the trial court to direct a verdict will not require a reversal.

4. Under the evidence bearing on the subject of whether J. E. and L. F. McClelland were incompetent as witnesses to testify in regard to the making of the deed by the plaintiff to Walter G. McClellan, on the ground that they, as attorneys at law, represented J. M. McClellan, who, as the plaintiff claimed, by duress and fraud caused her to execute such instrument, there was no error in admitting their testimony on that subject.

5. Inasmuch as the plaintiff attacked a deed executed by her to Walter G. McClellan, and his administratrix was a party defendant to the case, the plaintiff was not competent to testify as to transactions between her and the deceased; but as Mrs. Ida B. McClellan, claimed, among other things, to be an innocent purchaser, for value, from the children of herself and of Walter G. McClellan, and that the plaintiff had told her that the children had a good title, it was competent for the plaintiff to testify that she had notified Mrs. Ida B. McClellan that no consideration had been paid for the deed from the plaintiff to Walter G. McClellan. This was not admissible to prove that the deed was without consideration; but there was other evidence of the want of such consideration, thus making it competent to show by the plaintiff's testimony notice of that fact to a person claiming to be an innocent purchaser without notice.

(a) There was also evidence of duress exercised by the husband of the plaintiff, compelling her to make such deed; and there was no error in permitting her to testify that she had notified the principal defendant who claimed under such deed.

6. It was contended that the judge erred in failing to charge on the subject of retraxit. The suit in which the retraxit was entered was brought by Mrs. M. T. McClellan, the plaintiff in the present action, against J. M. McClellan, her husband, to recover alimony and possession of a minor child, with certain additional equitable prayers in regard to the land. This suit was settled, and a retraxit was entered as to the former order or judgment in the case involving the matter of alimony and custody of a child, which is the only former order referred to in the record, and it did not adjudicate or declare that the deed was properly made from Mrs. M. T. McClellan to Walter G. McClellan. In settling the case

John M. McClellan executed to her a deed reciting, that he had procured her to make the deed to Walter G. McClellan by duress; that Walter G. McClellan then made him a deed; that no consideration was passed for either of these deeds, but they were made for the purpose of obtaining title to the land for himself; and that the property had always belonged to his wife. The plea of retraxit was filed not by him but by Mrs. Ida B. McClellan, who claimed under a deed from her children as heirs of Walter G. McClellan, executed before this retraxit was entered. Under such facts, the entering of a retraxit of the character above described did not operate, as matter of law, to estop Mrs. M. T. McClellan. There was no error in omitting to charge specifically on that subject; if the general charge as given in regard to the entire transaction was not sufficiently specific, and if counsel for plaintiff in error desired additional instruction dealing more fully with the subject of retraxit and its effect, they should have requested it.

7. None of the other grounds of the motion for a new trial, not herein specifically dealt with, furnish any cause for a new trial. Some of them are controlled by the principles above announced. Others amount merely to elaborations of the assignment of error that the verdict was contrary to law and evidence, by adding specifications of certain portions of the charge as containing the law. While there was great conflict in the evidence, the jury on two trials have found in favor of the plaintiff (*McClellan* v. *McClellan,* 135 *Ga.* 95, 68 S. E. 1025), and the presiding judge has approved the finding. The evidence was sufficient to support the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

SEPTEMBER 16, 1914.    REHEARING DENIED OCTOBER 1, 1914.

Equitable petition. Before Judge Ellis. Fulton superior court. January 11, 1913.

*Lavender R. Ray* and *J. S. James,* for plaintiffs in error.
*Westmoreland Brothers,* contra.