RAINEY *et al.* v. MOON *et al.*

No. 12550. MARCH 8, 1939. ADHERED TO ON REHEARING, MARCH 23, 1939.

714

*J. Hugh Rogers* and *W. R. Hewlett,* for plaintiffs.

*Hendrix & Buchanan,* for defendants.

ATKINSON, Presiding Justice. ■ The plea and answer of the defendant Willie B. Rainey alleging that she was the common-law wife of Hinton Rainey, and lived with him as such both in Georgia

and in the District of Columbia, did not authorize the court, on motion of the plaintiffs, to require her to make an election as to whether she would prove her common-law marriage under the laws of Georgia or under the laws of the District of Columbia. *McClellan* v. *McClellan,* 142 *Ga.* 322 (82 S. E. 1069).

■ The evidence did not demand, as contended by the defendants in error, a verdict in favor of the defendants.

■ Since the plaintiffs' entire case and all of the relief sought by them were dependent upon the finding that the defendant Willie B. Rainey was not the wife of Hinton Rainey, the verdict finding that she was the common-law wife of the deceased was sufficient to authorize the decree entered thereon. Since, by the verdict, neither of the plaintiffs was an heir of the deceased, and neither had any interest in his estate, it follows that they were entitled to no accounting, had no right to complain of the appointment of defendant Hanley, and were entitled to no judgment for any amount against either of the defendants. The appointment of Prater as administrator was voidable. Code, § 113-1202 (8); Jennings *v.* Smith, 232 Fed. 921 (6). The decree followed the verdict, and the motion to set it aside was properly overruled. Code, § 37-1104; *Visage* v. *McKellar,* 58 *Ga.* 140; *Iverson* v. *Saulsbury,* 65 *Ga.* 724 (3); *Dozier* v. *McWhorter,* 117 *Ga.* 786 (6) (45 S. E. 61); *McWhorter* v. *Ford,* 142 *Ga.* 554 (5) (83 S. E. 134).

■ Defendant Willie B. Rainey in her answer stated, "and now comes the defendant, Willie B. Rainey, designated in said petition as Willie B. Moon." This allegation of the defendant, together with the statement in paragraph 1 of the petition naming as one of the defendants "Willie B. Moon, claiming to be the widow of said deceased," authorized the reference to the defendant as "Willie B. Rainey" in the question which was submitted to the jury. This assignment is without merit.

■ Complaint is made of that portion of the charge instructing the jury to consider the credibility of witnesses as the same may appear upon the witness stand, upon the ground that this instruction excluded from the consideration of the jury depositions and documentary evidence produced upon the trial, and the jury were not authorized elsewhere in the charge to consider this evidence. It is apparent that the purpose of the instruction complained of was to guide the jury in passing upon the credibility of those wit-

nesses who appeared, and in no wise to exclude from their consideration any evidence or testimony produced upon the trial. The cases of *McLean* v. *Clark,* 47 *Ga.* 24, *Bowden* v. *Achor,* 95 *Ga.* 243 (22 S. E. 254), *Myers* v. *State,* 97 *Ga.* 76 (25 S. E. 252), *May* v. *Leverette,* 164 *Ga.* 552 (6) (139 S. E. 31), *Blandon* v. *State,* 6 *Ga. App.* 782 (65 S. E. 842), and *John Hancock Mutual Life Insurance Co.* v. *Davis,* 50 *Ga. App.* 266 (177 S. E. 822), relied on by the defendants in error, are not applicable to the question here raised, for the reason that no one of these cases dealt with instructions as to the credibility of witnesses, but, on the contrary, dealt with instructions that the jury should consider the testimony of witnesses while on the witness stand, and made no reference to their duty to consider other evidence in the case. This ground is without merit.

■ Complaint is made because of the failure to charge a timely written request to the effect that if cohabitation between a man and a woman is shown to be illicit in its inception, in the absence of proof to the contrary, such illicit relationship will be presumed to have continued throughout the period of cohabitation, and that this presumption may be overcome by evidence showing that pending such illicit relations the parties by agreement became husband and wife. This request covered issues made in the case and was a correct statement of the law applicable. *Drawdy* v. *Hesters,* 130 *Ga.* 161 (4) (60 S. E. 451, 15 L. R. A. (N. S.) 190) ; *Foster* v. *Foster,* 178 *Ga.* 791 (3) (174 S. E. 532). There is nothing in conflict with what is here ruled in the cases of *Hamillon* v. *Bell,* 161 *Ga.* 739 (132 S. E. 83) ; *Heflinger* v. *Heflinger,* 161 *Ga.* 867 (132 S. E. 85) ; *Addison* v. *Addison,* 186 *Ga.* 155 (197 S. E. 232). It was error to refuse to charge as requested.

■ Complaint is made because of the failure to charge a written request which stated the contention of one of the defendants .that she was the common-law wife under the laws of Georgia and the District of Columbia, and then stated that if the relation was illicit in its inception and the party went to Washington continu- 'ing such relationship, the defendant could not now claim to be the common-law wife and seek relief under the laws of this State, because the parties could not evade the laws of this State by going into another State and performing acts contrary to the laws of this State, and that such alleged marriage will not be enforced by comity

where it involves immorality contrary to the policy or violative of the conscience of the State called upon to give it effect, upon the grounds that by omitting to give the requested charge, although the relationship may have been illicit in Georgia, by going to the District of Columbia in the same state of cohabitation without agreement to become man and wife, such continuance of that relationship authorized the jury to find a common-law marriage valid in Georgia. This instruction was not authorized by the evidence, and this ground is without merit. Code, § 53-214.

■ Complaint is made because of the refusal to charge upon written request as follows: "I charge you in considering proof of reputation, reputation to prove marriage must be founded on general and not divided or single reputation, and if reputation is divided it is no evidence at all," upon the grounds that by omitting the request the jury were authorized to find that, although only a few residents in the community considered them husband and wife, and a large number did not so consider them, yet the few were sufficient to prove a common-law marriage. The charge to the jury fairly and fully instructed the jury as to the manner of proving the common-law marriage, and the refusal to charge as requested was not error.

■ Complaint is made because of the refusal to charge a written request dealing with the appointment of an administrator. In view of the verdict of the jury, the refusal to give this request to charge is not cause for reversal.

■ Error is assigned upon the ruling of the court allowing defendants' counsel to cross-examine defendant Willie B. Rainey after plaintiff had called her to the witness stand for cross-examination. This ruling was erroneous, because it incumbered the privilege granted plaintiff by the Code, § 38-1801. This court has not directly passed upon the exact question here raised, but the Court of Appeals, in *Scarborough* v. *Walton*, 36 *Ga. App.* 428 (3) (136 S. E. 830), ruled as follows: "Under the act of October 14, 1891 (Ga. L., 1890-91, p. 78; Civil Code of 1910, § 5879), in the trial of all civil cases any party may call an opposite party to the witness stand and cross-examine him, as though the witness had testified in his own behalf and was being cross-examined, and may do so without entitling counsel for any opposite party or parties, as a matter of absolute right, to cross-examine the witness." In *National Land*

& Coal Co. v. Zugar, 171 Ga. 228 (155 S. E. 7), this court held that it was not error to permit counsel for the defendant to cross-examine his own client after he (the client) had been called to the stand by counsel for the plaintiff, although plaintiff's counsel stated that he called him as a *witness against himself* in order to prove only one point necessary to make out a prima-facie case. It appears that the witness was expressly adopted by the opposite party, and there was no intention to examine the witness as authorized by the Code, § 38-1801, and thus the right to a thorough cross-examination was given plaintiff as in other cases. The case differs from *Lauchheimer & Sons* v. *Jacobs, 126 Ga. 261 (2) (55 S. E. 55)*, where it was held: "Where a party to a suit calls the opposing party to the stand and examines him as a witness, it is in the discretion of the court to refuse, on objection, to prohibit counsel for the party so called from asking leading questions on cross-examination." In the present case, the assignment of error shows affirmatively that the ruling of the judge was not based upon the exercise of discretion, but was pronounced as a matter of law. It further appears that there were no facts on which such discretion could be exercised, the ruling having been made before the witness had been examined by counsel for either party. The ruling complained of was error.

■ Complaint is made because the defendant Willie B. Rainey was permitted to testify as follows: "[He] asked me, would I be his wife and he looked at me and he teased me, and I told him 'Yes.' He said, 'Maybe I am a little bit too old for you;' I said, 'No, age hasn't got anything to do with it;' and he started to living at 210 Jackson and we slept together," over the objection that the witness was a party to the proceeding brought by the representative of the deceased and was incompetent to testify to transactions between them, which objection the court overruled and permitted the evidence to remain before the jury. Under the Code, § 38-1603 (1), where any suit is instituted by the personal representative of a deceased person, the opposite party shall not be permitted to testify in his own favor as to transactions or communications had with the deceased person. The objection should have been sustained. *Wilder* v. *Wilder, 138 Ga. 573 (6) (75 S. E. 654)*; *Hill* v. *Pritchett, 182 Ga. 499 (185 S. E. 832)*.

■ Complaint is made because the court refused to allow the

witness Arthur Avery to answer the following question; "Did you ever see any liquor or parties going on . . ?" It is alleged that the witness would have answered: "Willie Moon kept liquor at her house and used it at wild parties, having many men present at the parties. She was a sporting negro woman." It is contended that such question and answer would have shown that Willie B. Moon associated with all men for the purpose of having a good time and getting money. It does not appear that the court was advised that the witness would answer as now contended. Accordingly, this ground is without merit. *McElwaney* v. *MacDiarmid*, 131 *Ga.* 97 (2-a) (62 S. E. 20) ; *Green* v. *Scurry*, 134 *Ga.* 482 (68 S. E. 77).

■ Complaint is made because the court ruled out the following testimony given by the witness Kelly: "I examined the city directory before I left Washington and found nothing." It is contended that this evidence was material because it showed that defendant Moon was not shown in the city directory. The testimony did not illustrate any issue in the case, and it was not error to exclude it from the jury.

■ Complaint is made because two clippings from an Atlanta newspaper referring to "Mr. and Mrs. Hinton Rainey" attending a party prior to their going to Washington, and six letters addressed to Mrs. Willie B. Rainey and signed by plaintiff Lottie Dockins, were admitted in evidence, upon the grounds that the letters did not tend to show general reputation of the common-law marriage, or that the writer knew the addressee was claiming to be the common-law wife of Hinton Rainey, and, further, because some of the letters were mailed after the death of Hinton Rainey, and tended to mislead the jury as to when the alleged agreement to become man and wife was made, and upon the ground that the clippings did not tend to show general reputation of common-law marriage prior to their publication. None of these grounds of complaint are meritorious, and it was not error to admit the evidence over such objections.

*Judgment reversed. All the Justices concur, except Reid, C. J., disqualified.*