## 44155. TABOR v. FOWLER.

DEEN, Judge. 1. This is an appeal from a contest for letters of administration in the Court of Ordinary of DeKalb County, following a verdict in the superior court in favor of D. W. Fowler, the alleged common law husband of the decedent Willa Nell Fowler, and against the decedent's sister, Evelyn Tabor. The court, after correctly instructing the jury that the sole issue in the case was whether appellee was the common law husband of the decedent, charged in part as follows: "The provisions of Code § 53-101 are as follows: in order for there to be a valid marriage in this State, there must be parties able to contract, an actual contract, consummation according to law. . . [Consummation] cannot be construed as requiring cohabitation as man and wife by the parties who have entered into an informal agreement to be man and wife before their agreement is valid. Consummation may be brought about by . . . an actual agreement, in words of the present tense, to be man and wife, with the intention of thereby and thereupon assuming the relationship. . . A contract of marriage may be inferred from proof of cohabitation and the parties holding themselves out as man and wife. However, gentlemen, cohabitation is not essential. Marriage may be complete when parties able and willing to contract have actually contracted to be man and wife. Sexual intercourse is not essential to consummation of a valid marriage. . . . I further charge you at common law no particular ceremony or formal solemnization is necessary to constitute a valid marriage. All that is required is that there shall be an actual and mutual agreement to enter into the marriage relation, permanent and exclusive of all others, by persons capable of marrying, consummated by their cohabitation as

man and wife or their mutual assumption openly of marital duties and obligations. This is called a marriage contract per verba de praesenti." Enumerations of error are directed at this excerpt from the charge.

There can be no doubt but that the court instructed the jury that if they found the parties had entered into an informal agreement with each other to be man and wife a common law marriage resulted regardless of whether or not there was cohabitation. This is in line with the majority opinion in *Lefkoff v. Sicro*, 189 Ga. 554 (6 SE2d 687, 133 ALR 738). In *Drewry v. State*, 208 Ga. 239, 243 (65 SE2d 916), the court held it would be erroneous to charge that if "the defendant and John E. Drewry by agreement, in words of the present tense, to be man and wife, and being at the time capable of contracting marriage, with the intention thereby and thereupon to assume such relation, that such informal contract would be a valid marriage in this State." It further expressly overruled *Lefkoff* and adopted as the law the dissenting opinion in that case which states in part: that cohabitation (dealt with as synonymous with consummation) "is treated as essential, if not the main factor in establishing in this State a common law marriage." P. 580. See also *Hayes v. Hay*, 92 Ga. App. 88, 92 (88 SE2d 306). It follows that an informal agreement not consummated by cohabitation between the parties is insufficient to establish a common law marriage, and that the instructions given the jury were most confusing on this issue. Although the charge was not objected to at the time, since it erroneously presented the sole issue for decision, it must be held reversible error under *Code Ann.* § 70-207 (c). *Brown v. Brown*, 222 Ga. 446, 449 (150 SE2d 615).

2. The undisputed facts of this case show that the deceased and the appellee had formerly been married and divorced, and that thereafter D. W. Fowler had moved back to Mrs. Fowler's house and occupied a room as a tenant *or* had moved back and entered into a common law marriage with his former wife. The appellant, sister of the deceased, was asked whether Mrs. Fowler gave her an explanation of why Mr. Fowler was living at the house, and an objection to the question was sustained. On the other hand, the court admitted over objection a church bulletin published two days after the death containing a statement: "Our sincere Christian

sympathy to Mr. D. W. Fowler and family in the death of Mrs. Fowler. They lived next door to our associate pastor." The testimony was offered respectively by each side to prove that the parties were, or were not, married at the time of death—one by statements of a person since deceased (ordinarily inadmissible under *Code* § 38-1603 (1)) and the other by a written statement the source of which was not shown (ordinarily inadmissible as hearsay). Both of these classes of evidence, if admissible at all, are so as exceptions to the general hearsay rule and derive any force they may have from the necessity of the case. *Todd v. State,* 200 Ga. 582, 588 (37 SE2d 779); *Burke v. State,* 54 Ga. App. 225 (1) (187 SE 614). Reputation is proved by showing what people generally say. *Teague v. State,* 208 Ga. 459 (10) (67 SE2d 467). On an issue of market price it was stated in *Columbian Peanut Co. v. Pope,* 69 Ga. App. 26, 31 (24 SE2d 710): "It is the general rule that a reliable and trustworthy trade journal or newspaper is admissible in evidence as an exception to the hearsay-evidence rule." A much broader ruling was made in *Rainey v. Moon,* 187 Ga. 712, 719 (2 SE2d 405) on an issue of marriage vel non in a contest over the administration of the estate of a decedent. A newspaper article referring to the parties as "Mr. and Mrs. Hinton Rainey" was admitted over the objection that it did not tend to show reputation in the community as to the common law marriage. Proof of such reputation where it becomes an issue is itself an exception to the hearsay rule. Green, Georgia Law of Evidence, § 321. A church bulletin falls reasonably in the same category, and is admissible as a circumstance, but the jury should be cautioned that it should be considered only on the issue of general reputation in the (church) community. Equally, any evidence offered by its opponents tending to denigrate its effect by proof of the manner in which it came to be inserted in the bulletin would be admissible in rebuttal. Equally, the testimony of statements of the deceased tending to show that she accepted Fowler back in the house for a purpose other than marriage is admissible under the ruling in *Drawdy v. Hesters,* 130 Ga. 161, 167 (60 SE 451, 15 LRA (NS) 190), where the statements of one since deceased that he had not entered into a marriage relationship "taken in connection with the equivocal act of cohabitation existing at the time of the declarations . . . were admissible under the theory of

res gestae, as tending to indicate the character of the cohabitation, and should have been admitted, not for the purpose of proving an independent fact, but as a part of the conduct relied upon to characterize the cohabitation."

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 8, 1969—DECIDED FEBRUARY 28, 1969.

*Dan E. McConaughey,* for appellant.

*Frank A. Bowers,* for appellee.