64283. MILLER v. KIMBALL et al.

QUILLIAN, Chief Judge.
The instant appeal was taken from the judgment of the trial court affirming an award by the State Board of Workers' Compensation. We granted an application for discretionary review in

order to determine the correctness of the award denying compensation predicated on a failure by claimant to establish that the purported employer had three or more employees. *Held:*

Total Image, the alleged employer and a partnership, contended that although there were more than three individuals working on its behalf they were all independent contractors; the employee, of course, urged that they were employees. The ALJ whose award was adopted by the Full Board as its own and was affirmed in the lower court found against the claimant. The ALJ made the following findings of fact: that Total Image was a partnership which did not carry Workers' Compensation insurance and was not a self insurer; that it provided services of hairstyling, manicures, pedicures, facials, and modeling to its clients; that the claimant originally began work at Total Image with one position but became an "office manager" performing administrative functions and was an employee; that claimant contended that she was injured upon arriving at work when the front door to the premises came loose and struck her on the jaw.

The award then recited: "The central problem from claimant's standpoint — as is usual and customary — is whether or not Total Image had three or more employees so as to make it subject to the Workers' Compensation Act. As previously set out, claimant was an employee of Total Image. As far as the other people working at Total Image, from the testimony I find there existed an arrangement whereby there was no pay to any of them except a division of earnings which they made. Total Image furnished the work place and supplies to some and a division of the proceeds of 50/50 was made from monies produced. No withholdings were made from the 50 per cent turned over to those hairstylists, et cetera, and of course, owners Kimball and Portilla describe these people as independent contractors. Model Ellen Dugan appeared for employer and described herself as an independent contractor. In the independent contractor situation the method of the payment of the money is important but is not controlling to this question. The important question to be answered is the time, method, and manner of work by the alleged employee and the control the alleged employer exercises over these items. I find this control existed over claimant, however, the record does not contain proof of control over the other alleged employees so as to classify them as employees to be counted for Workers' Compensation purposes. To the contrary, the record indicates there were no set hours for these people, that they worked as much as they wanted to, and that they were free to work for other people or pursue other interests. Thus, I conclude and find as fact claimant has not carried the burden of proof of showing employer had three or more employees so as to make it subject to the Workers' Compensation

Act. Therefore, the claim must be denied on that basis."

The claimant urges that the statement by the ALJ as to the question being one of control is an erroneous theory of law. We agree. The correct rule is to be found in such cases as *Simpkins v. Unigard Mut. Ins. Co.,* 130 Ga. App. 535, 538 (203 SE2d 742). " 'The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work.' " Accord, *Bibb Mfg. Co. v. Martin,* 53 Ga. App. 137, 141 (185 SE 137); *Fidelity & Cas. Co. v. Windham,* 209 Ga. 592, 593 (74 SE2d 835).

As was held in *Golosh v. Cherokee Cab Co.,* 226 Ga. 636, 638 (176 SE2d 925), " 'Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor.' The test is not whether the employer *did in fact control* and direct the employee in the work, but it is whether the employer had that right under the employment contract." Accord, *Travelers Ins. Co. v. Moates,* 102 Ga. App. 778, 781 (117 SE2d 924); *Moon v. Ga. Power Co.,* 127 Ga. App. 524, 526 (194 SE2d 348).

The ALJ by stressing control rather than the right to control ignored the quintessential requirement of our law. However, this does not necessarily mandate a reversal.

" 'Where there is any evidence to support the award of the State Board of Workmen's Compensation, neither the superior court nor this court has any authority to review the evidence and decide that the weight of the evidence is contrary to such award,' *Ford v. Liberty Mut. Ins. Co.,* 99 Ga. App. 257, 258 (108 SE2d 311); and under the decision of the Supreme Court in *American Mut. &c. Ins. Co. v. Sisson,* 198 Ga. 623 (32 SE2d 295), if the award was authorized by any competent evidence, it must be affirmed even if the board or hearing director considered illegal evidence or assigned erroneous reasons for the award, *Bussey v. Globe Indemn. Co.,* 81 Ga. App. 401, 404 (1) (59 SE2d 34), *Hayslip v. Liberty Mut. Ins. Co.,* 72 Ga. App. 509, 510 (2) (34 SE2d 319), provided that the award was not based upon an erroneous legal theory which precluded the consideration by the board or hearing director of testimony or evidence which, if the same

had been considered, would have authorized a contrary result. *Hudson v. Taylor,* 88 Ga. App. 575, 577 (77 SE2d 100)." *Fidelity & Cas. Co. v. Hodges,* 108 Ga. App. 474, 475 (133 SE2d 406). Accord, *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 193 (225 SE2d 778); *Fireman's Fund Ins. Co. v. Smith,* 151 Ga. App. 270, 273 (259 SE2d 675).

There was evidence that Total Image provided space and furnished equipment for its workers; that it purchased supplies used by its workers; that it collected money for work done and disbursed sums to its workers on a weekly basis by checks which were marked as "salary."

One of the partners of Total Image testified in response to the following question — "Who determined the hours that these people would work?": "Sometimes we had to suggest to make some kind of formation to the shop of what hours people should work, but most of the time the employees would make their own times of what hours they would work." He was then asked, "Did you require them to come in each and every day?", and responded: "Sometimes I did, yes. Sometimes they had to come in and check and see what appointments they would have coming up, just to check them, but not specific times." The claimant testified that the partners of Total Image made the final decision as to what supplies were provided their operators and as to hours of business.

We find there was some evidence as to Total Image's *right* to direct and control those who worked for the partnership. The failure to consider this evidence and to consider only evidence as to whether there was control or not, thus requires that we reverse the trial court with direction that the cause be remanded to the Board of Workers' Compensation for consideration under the correct theory of law.

*Judgment reversed with direction. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 10, 1982.

*Gerald L. Talansky,* for appellant.
*Michael C. Ford,* for appellees.