## 65895. RAPID CAB COMPANY v. COLBERT.

SHULMAN, Chief Judge.

Appellee, a taxicab driver employed by Westview Cab Company, Inc., was struck and injured by a taxi operated by an agent of appellant, Rapid Taxi Company, Inc. Appellee filed a claim for workers' compensation benefits with his employer, which had no coverage. Subsequently, the State Board of Workers' Compensation approved a stipulated settlement in which Rapid Taxi, on behalf of Westview Cab, agreed to pay compensation in the amount of $10,000 to appellee to satisfy and extinguish all workers' compensation benefits due or claimed for the injuries appellee received when he was struck by the Rapid Taxi vehicle. Appellee thereafter filed a negligence suit against Rapid Taxi based on the same accident.

Appellant's motions for directed verdict and for judgment notwithstanding the verdict, both of which were based, in part, on the contention that appellee was barred from suing appellant in tort by OCGA § 34-9-11 (Code Ann. § 114-103), were denied and a judgment incorporating a jury verdict for appellee in the amount of $50,378.11 was entered. This appeal followed.

OCGA § 34-9-11 (Code Ann. § 114-103) provides that "[t]he rights and remedies granted to an employee by [workers' compensation] shall exclude all other rights and remedies of such employee . . . provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee . . ." The stipulated workers' compensation settlement and agreement stated that "the parties have agreed upon a settlement satisfactory to the Claimant, Westview Cab, Inc., and Rapid Taxicab Company, Inc., relative to the Workers' Compensation claim of Rick Thomas Colbert vs. Westview Cab Company, Inc." It further stated that "in a desire to resolve their differences, dispense with further litigation in order to reach a final and irrevocable disposition of this claim, and in the spirit of compromise, Rapid Taxicab Company, Inc., on behalf of Westview Cab Company, Inc., hereby agrees to pay the sum of TEN THOUSAND ($10,000) DOLLARS as compensation to the Employee/Claimant in a lump sum." The claimant "expressly represents to the Employer, Westview Cab Company, Inc., and Rapid Taxicab Company, Inc., in inducing them to enter this settlement, that the Employee/Claimant does divest himself of any rights of recourse under the provisions of Ga. Code Ann. Sec. 114-709 . . ." Finally, "[t]he Employer agrees to pay and the Claimant agrees to accept compensation in the total amount of TEN THOUSAND ($10,000) DOLLARS as provided above in full and complete satisfaction and extinguishment of all Workers' Compensation benefits due or claimed to be due for the injuries sustained by the Employee/Claimant on June 8, 1979 while in the employ of Westview Cab Company, Inc." There was additional evidence admitted at trial that appellee considered appellant the insurer of Westview Cab. At trial, the attorneys for the parties further stipulated that a portion, if not all, of the $10,000 award had been paid to appellee.

After reading the stipulation and agreement adopted by the State Board of Workers' Compensation and the stipulation that appellee has received payment pursuant thereto, it appears that appellant falls within the definition of "employer" found in OCGA § 34-9-1 (3) (Code Ann. § 114-101) (" 'Employer' shall include . . . any

person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee"), and that OCGA § 34-9-11 is applicable to the case at bar. Therefore, the trial court erred in failing to grant appellant's motions for directed verdict and for judgment n.o.v. on the ground that appellee's tort suit was barred by § 34-9-11 (Code Ann. § 114-103).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 14, 1983.

*Sidney L. Moore, Jr.,* for appellant.
*John McGuigan, Jr., Alexander J. Repasky,* for appellee.