### 68576. GEORGE v. ASHLAND-WARREN, INC.

BANKE, Presiding Judge.

The plaintiff appeals a summary judgment entered in favor of
defendant Ashland-Warren, Inc., in a wrongful death action to re-
cover for the death of her husband. The plaintiff's husband was
struck and killed by a piece of earth-moving equipment while em-
ployed by the Georgia Department of Transportation as project engi-
neer on a road construction project. Ashland-Warren had been re-
tained by the DOT as the general contractor on the project and was
the owner and operator of the earth-moving equipment. The DOT
paid the plaintiff and her minor children $33,500 in workers' compen-
sation benefits after the accident, and Ashland-Warren subsequently
reimbursed the DOT for these benefits pursuant to an indemnifica-
tion provision contained in the construction contract. Ashland-War-
ren contends that it is immune from tort liability for the death of the
plaintiff's husband pursuant to OCGA § 34-9-11, both because of its
discharge of its contractual obligation to indemnify the DOT for the
workers' compensation benefits and because of its alleged status as an

employee of the DOT. *Held*:

OCGA § 34-9-11 provides, in pertinent part, as follows: "The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, *other than an employee of the same employer* or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee . . ." (Emphasis supplied.)

Pretermitting whether Ashland-Warren was under a contractual obligation to provide workers' compensation benefits to the plaintiff as a result of her husband's death, we hold as a matter of law that the company is insulated from tort liability by virtue of the fact that, like the decedent, it was an employee of the DOT.

Whether or not an employer-employee relationship exists between a principal and a contractor depends upon whether the principal, by the terms of the contract, assumes the right to control the time, manner, and method of executing the work, and this is true regardless of whether such right was actually exercised. See *Clements v. Ga. Power Co.*, 148 Ga. App. 745 (252 SE2d 635) (1979); *Jordan v. Townsend*, 128 Ga. App. 583 (197 SE2d 482) (1973); *Miller v. Kimball*, 163 Ga. App. 435 (294 SE2d 681) (1982). Under the terms of the contract between the DOT and Ashland-Warren, all work was to be performed under the DOT's direct supervision. Furthermore, the DOT retained the right to terminate Ashland-Warren's employees for improper performance or intemperate or disorderly conduct, as well as the right to suspend work on the project whenever such action was deemed necessary due to unsuitable weather, unsafe working conditions, or failure of the contractor to carry out orders. Under these circumstances, the DOT clearly retained the right to control the time, manner, and method of executing the work. If follows that Ashland-Warren must be considered an employee of the DOT. The present action is consequently barred by OCGA § 34-9-11, and the trial court did not err in granting Ashland-Warren's motion for summary judgment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 28, 1984 —
REHEARING DENIED JULY 13, 1984 —

*Claude R. Ross, Stephen M. Gibbs*, for appellant.
*Philip S. Coe, Paul Webb, Jr.*, for appellee.