41440. GEORGE et al. v. ASHLAND-WARREN, INC.

(326 SE2d 744)

HILL, Chief Justice.

While working as a project engineer for the Georgia Department of Transportation (DOT) on a road construction project, Joe Allen George was struck and killed by a piece of earth-moving equipment owned and operated by Ashland-Warren, Inc., the general contractor on the project. His widow recovered workers' compensation benefits from DOT, which was in turn reimbursed by Ashland-Warren pursu-

ant to an indemnification and hold harmless clause in the construction contract. His widow then brought a wrongful death action against Ashland-Warren. Ashland-Warren's motion for summary judgment was granted. On appeal, the Court of Appeals pretermitted the question of whether Ashland-Warren's contractual obligation to reimburse DOT resulted in immunity from tort liability, and ruled that the provisions of OCGA § 34-9-11 afforded Ashland-Warren immunity as a co-employee of the deceased. *George v. Ashland-Warren*, 171 Ga. App. 556 (320 SE2d 586) (1984). We granted certiorari to determine whether Ashland-Warren is an "employee" within the meaning of OCGA § 34-9-11.

1. OCGA § 34-9-11 provides that "The rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, other than an employee of the same employer. . . ." Assuming without deciding that DOT had the right to control the time, manner, and method of executing the work, and that Ashland-Warren was therefore an "employee" of DOT (rather than an independent contractor) under the common law, as found by the Court of Appeals, we find that a corporation is not an "employee" within the meaning of OCGA § 34-9-11 because the term "employee" as used in OCGA § 34-9-11 refers only to individuals and does not protect corporations. In reaching this conclusion, we are guided by the intent as well as the wording of the workers' compensation statute.

"Employee" is defined in OCGA § 34-9-1 (2) as meaning "every person in the service of another under any contract of hire or apprenticeship. . . ." Ashland-Warren is not "in the service" of DOT under a contract of "hire or apprenticeship." Moreover, the major purpose for defining "employee" in OCGA § 34-9-1 (2) is to establish who is entitled to workers' compensation benefits. No one would contend that a corporation is an "employee" entitled to receive workers' compensation benefits. Likewise, we hold that a corporation is not an "employee" entitled to immunity under OCGA § 34-9-11. That is to say, we find that when the General Assembly used the word "employee" in OCGA § 34-9-11, it intended to refer to an individual as it did in OCGA § 34-9-1 (2).

2. Having determined that Ashland-Warren is not entitled to immunity as a co-employee of the deceased, we proceed to the second question, pretermitted by the Court of Appeals, which is whether Ashland-Warren is immune to suit in tort by virtue of its indemnification of DOT. Again, the scope of OCGA § 34-9-11 is at issue, for that section also provides tort immunity to "any person who, pursu-

ant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee. . . ." This provision was intended to provide tort immunity to workers' compensation insurers. See OCGA § 34-9-1 (3). The workers' compensation act generally is to be liberally construed in favor of the employee. Thus we reject the construction proffered by Ashland-Warren because it would operate in derogation of the plaintiff's common law right of action. *Atlanta R. &c. Co. v. Johnson*, 120 Ga. 908, 912 (48 SE 389) (1904).

Ashland-Warren does not come within the carefully worded terms of this exclusion. Ashland-Warren did not "provide workers' compensation benefits to an injured employee" or his family; it reimbursed DOT for its outlay. Ashland-Warren's agreement was to indemnify and hold DOT harmless; it is not an insurance company and its agreement did not meet the requirements of a workers' compensation insurance policy. OCGA §§ 34-9-123, 34-9-124. While such agreement would benefit the employer by providing reimbursement and would, according to Ashland-Warren, benefit the third party tortfeasor by providing tort immunity, it would not benefit the injured employee at all as a workers' compensation insurer would. Rather, it would in many instances take away the employee's cause of action against third-party tortfeasors which is so carefully reserved to the employee by OCGA § 34-9-11 itself. The tort immunity created by OCGA § 34-9-11 protects the employer of the injured employee, employees of that employer, and the employer's workers' compensation insurer.[1] Ashland-Warren is not included. Anything to the contrary in *Rapid Cab Co. v. Colbert*, 166 Ga. App. 881 (305 SE2d 668) (1983), will not be followed.

For these reasons, we reject the contention that a third-party tortfeasor may create tort immunity on its own behalf by agreeing to indemnify an employer for compensation benefits paid to its employee, and we conclude that the Court of Appeals erred in affirming the grant of summary judgment to Ashland-Warren.

*Judgment reversed. All the Justices concur, except Gregory, J., who concurs in the judgment only, and Marshall, P. J., and Weltner, J., who dissent.*

DECIDED MARCH 14, 1985.

*Ross & Blaska, Claude R. Ross, Thomas C. Blaska, Charles C. Clay,* for appellants.

---

[1] *Fred S. James & Co. v. King*, 160 Ga. App. 697 (288 SE2d 52) (1981), presents a different situation and is not involved here.

*Webb & Daniel, Paul Webb, Jr.,* for appellee.