### A91A1513. JPS CARPETS et al. v. TROUPE.
(417 SE2d 333)

COOPER, Judge.

In 1981, Marie Troupe ("Troupe"),[1] while employed by appellant, JPS Carpets, sustained a work-related injury to her right knee which was rated 15 percent permanent partial disability. Nevertheless after being out of work and receiving workers' compensation benefits for a short time, Troupe returned to her former position as a Gilbo machine operator in which she operated various machines which wind skeins of yarn onto cones. Troupe was able to perform her duties which required bending, stooping and reaching overhead on a regular basis to maintain the machines; however, occasionally, her knee would swell and become painful. On those occasions, Troupe would elevate her leg to relieve the swelling and pain after leaving work. In 1987, Troupe injured herself while leaving work by either catching her left toe in a hole or tripping over her own feet and falling on her right side, injuring her right arm and shoulder. After treatment, Troupe did not regain the use of her right arm and shoulder and was unable to resume her job as a Gilbo operator. Since the second injury, which was rated five percent permanent partial disability, Troupe has made several attempts at working at other jobs but has been unable to

---

[1] Although Marie M. Troupe is delineated as the appellee in the style of the case, the actual parties to this appeal are Troupe's employer, JPS Carpets, and its insurer, as appellants, and the Subsequent Injury Trust Fund, as appellee.

maintain employment because of her disability. She has been paid total disability income benefits since the second injury while unemployed.

In 1989, appellants, JPS Carpets and its insurer, applied for reimbursement of benefits from the Subsequent Injury Trust Fund, contending that the second injury would not have occurred but for the preexisting injury; that the disability resulting from the subsequent injury to Troupe's right arm and shoulder, in combination with the preexisting permanent impairment, was materially, substantially and cumulatively greater than had the preexisting impairment not been present; and that the injuries "merged" according to OCGA § 34-9-351 (1). The Subsequent Injury Trust Fund denied reimbursement on the ground that there was no merger, and appellants requested a hearing to determine the reimbursement liability of the Subsequent Injury Trust Fund.

At the hearing before the ALJ, Troupe testified that when she caught her left toe in a hole in the pavement, all of her weight shifted to her right leg which buckled at the knee because it could not support the weight. An accident report, completed by the employer within 24 hours of the injury, indicated that Troupe and a co-worker were walking together, that they looked back at a water tank and that when Troupe turned, her feet became tangled, and she fell. Two physicians who treated Troupe for the 1987 injury were not able to reach conclusions as to what caused the fall, and there is no mention of Troupe's knee buckling in the accident report or the medical records. The ALJ found no merger, concluding that the evidence did not support a finding that but for Troupe's preexisting impairment to her knee, the 1987 injury would not have occurred; that the right knee injury caused Troupe to suffer any greater degree of disability to her arm than she would have suffered without the knee injury; or that the disability resulting from the 1987 injury in conjunction with the knee injury was materially, substantially and cumulatively greater than that which would have resulted had the pre-existing impairment to Troupe's knee not been present. Notwithstanding Troupe's testimony regarding her injury, the ALJ also found that the medical evidence did not reflect that Troupe complained to the treating physicians that the fall was caused or precipitated by the deficiency in her right knee. The full board affirmed and adopted the findings and conclusions of the ALJ. Appellants then appealed to the superior court; however, no order was issued by the superior court, and the award was affirmed by operation of law. We granted appellants' application for discretionary appeal to determine whether or not under OCGA § 34-9-351 Troupe's 1981 injury merged with her 1987 injury so as to entitle appellants to reimbursement from the Subsequent Injury Trust Fund.

1. Appellants enumerate as error the board's determination that

there was no causal link between the injuries pursuant to OCGA § 34-9-351 (1) (A), as no competent evidence was introduced to rebut Troupe's testimony that her fall was caused by her previously injured and weakened knee. Appellants contend that the accident report was inadmissible hearsay, derived from Troupe's co-worker, and that the board erred in drawing negative inferences from the medical records' failure to describe how Troupe fell. Appellants argue that by inferring from the lack of evidence of causation in the medical reports that Troupe's fall was not caused by the previously injured knee, the board ignored Troupe's positive and unimpeached testimony.

"Upon appeal, the evidence will be construed in a light most favorable to the party prevailing before the board, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court. [Cits.] Neither the superior court nor this court has any authority to substitute itself as a fact-finding body in lieu of the board; an appellate body is bound by the 'any evidence' standard of review, and is not authorized to substitute its judgment as to weight and credibility of witnesses. [Cits.]" *Harper v. L & M Granite Co.*, 197 Ga. App. 157, 159 (2a) (397 SE2d 739) (1990). " '[I]f the award was authorized by any competent evidence, it must be affirmed even if the board or hearing director considered illegal evidence or assigned erroneous reasons for the award, [cits.], . . . [Cit.]' [Cits.]." *Miller v. Kimball*, 163 Ga. App. 435, 437-438 (294 SE2d 681) (1982). Construing the evidence in the light most favorable to the party who prevailed before the board, in this instance the Subsequent Injury Trust Fund, we find that there was some evidence which supported the board's conclusion that there was no causal link between the two injuries. We reject appellants' contention that the board improperly considered the employer's injury report and find that a reasonable conclusion to draw from the lack of evidence of a causal connection between the injuries is that there was no causal link.

2. Appellants also contend the board erred in construing OCGA § 34-9-351 (1) (B) as requiring that an employee's first injury must aggravate the degree of permanent partial disability resulting from a second injury in order for there to be a merger between the two injuries rather than considering whether the disability to an employee's body as a whole and/or her state of employability has been rendered materially, substantially, and cumulatively greater due to the prior injury. However, the focus of OCGA § 34-9-351 (1) (B) is not merely the cumulative effect of the injuries but requires that the disability resulting from the subsequent and preexisting injuries be "materially, substantially, and cumulatively greater than that which would have resulted had the preexisting permanent impairment not been present." OCGA § 34-9-351 (1) (B). The board considered the effect of

the injuries on Troupe's ability to maintain employment and determined that the principal factor inhibiting her ability to return to work was the impairment of her right arm (see *Subsequent Injury Trust Fund v. Harbin Homes*, 182 Ga. App. 316, 317-318 (355 SE2d 702) (1987)); that her disability, within the meaning of the Workers' Compensation Act, resulted primarily from the 1987 injury; and therefore pursuant to OCGA § 34-9-351 (1) (B), that the disability resulting from the two injuries was not greater than that which would have resulted had the preexisting injury not been present. In our view, this construction of the statute is correct and the board's decision was supported by evidence in the record. This enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, George T. Talley, Edward F. Preston*, for appellants.

*Morris & Webster, Craig A. Webster, Andrew, Threlkeld & Thompson, Richard S. Thompson*, for appellee.