A93A2099. SUBSEQUENT INJURY TRUST FUND v. HANSON INDUSTRIES et al.
(440 SE2d 89)

JOHNSON, Judge.

We granted this discretionary appeal to determine whether the trial court erred in affirming the determination of the Workers' Compensation Board that a worker's pre-existing permanent impairment constitutes a "first injury" such that when a compensable event merges with the pre-existing condition, reimbursement for excess liability from the Subsequent Injury Trust Fund is appropriate.

Annie Foster worked for Hanson Industries, d/b/a Georgia Boot, Inc., for over 20 years. Her employers had known of her health problems, specifically a circulation problem characterized as a venous insufficiency, for at least 15 years. Periodically, because of her condition, Foster took health-related leaves of absence from her work, during which she did not receive her salary, but maintained her company benefits. She had also received workers' compensation benefits from time to time. Because of her circulatory problems Foster was allowed to transfer from her sewing job, which required her to stand throughout her shift, to a position on the production line applying waterproofing between the welt and the sole of boots. This position allowed her significantly more freedom of movement as the job could be performed from either a standing or seated position.

In June 1989, Foster contracted a bacterial infection which required hospitalization. It is stipulated that the onset of the infection was facilitated and exacerbated by her poor circulation. She was unable to return to work. In reviewing Foster's claim for workers' compensation benefits, an administrative law judge found that Foster had suffered a compensable accident because her work duties aggravated her condition causing a disability. This decision was affirmed by the State Board of Workers' Compensation and by the Superior Court of Union County. The employer/insurer then filed a Notice of Claim seeking reimbursement from the Subsequent Injury Trust Fund. The fund denied the request indicating that Foster had not suffered a "subsequent injury" as required by the Act. The employer/insurer requested a hearing pursuant to OCGA § 34-9-363 (b) to review the fund's denial of liability. The parties waived a formal hearing and

submitted a set of stipulated facts and the deposition of Foster's supervisor as the record for review.

The ALJ found that the pre-existing condition, Foster's venous insufficiency, was permanent in nature and likely to cause a hindrance or obstacle to employment. Further, the judge concluded, the employer had knowledge of the impairment and reached an informed conclusion that it was permanent and likely to cause a hindrance or obstacle to employment. Finally, the judge held that there was a merger between the pre-existing permanent impairment and the compensable "accident" resulting in a claim which required reimbursement from the fund. *JPS Carpets v. Troupe*, 203 Ga. App. 602 (417 SE2d 333) (1992). The board adopted the findings and holding of the ALJ. The superior court again affirmed the board.

The fund asks us to consider, in this case of first impression, whether in a progressive disease case, a claimant who incurs a fictional "injury" on her last day of work also incurs a fictional "subsequent injury" thereby entitling the claimant's employer/insurer to reimbursement from the fund. At the outset we note that this is not a classic progressive disease case, i.e., one in which the worker's condition deteriorates until he is no longer able to work. Therefore, we believe that the fund's reliance on cases such as *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154 (338 SE2d 742) (1985), and *Central State Hosp. v. James*, 147 Ga. App. 308 (248 SE2d 678) (1978), is misplaced. Those cases consider the issue of new accident versus change in condition in various contexts, i.e., for the purpose of determining the statute of limitation. While we recognize certain similarities, that model cannot be molded to fit the specific issue presently before us, reimbursement by the fund in the context of OCGA § 34-9-350 et seq. Furthermore, the fund's characterization of injuries as fictional is misleading, particularly in light of its own concession that Foster suffered a compensable injury on her last day of work. Accordingly, we choose to rephrase the question before us as follows: The fund asks us to consider, in this case of first impression, whether the fund is liable for excess liability to an employer/insured when a worker with a preexisting permanent impairment is injured on the job. The fund argues that Foster had only one injury, the bacterial infection, and that the injury occurred on her last day of work. Since the bacterial infection was her *first* injury, the fund argues, it could not be compensable as a *subsequent* injury.

The purpose of the fund is set forth in OCGA § 34-9-350: "[T]o encourage the employment of the handicapped by protecting employers from excess liability for compensation when an injury to a handicapped worker merges with a preexisting permanent impairment to cause a greater disability than would have resulted from the subsequent injury alone."

OCGA § 34-9-351 (2) defines permanent impairment as "any permanent condition due to previous injury, disease, or disorder which is, or is likely to be, a hindrance or obstacle to employment or to obtaining reemployment if the employee should become unemployed." A list of conditions which the legislature has deemed to presumptively create a hindrance or obstacle to employment is set forth in OCGA § 34-9-361. Included in that list is cardiovascular disorders. OCGA § 34-9-361 (10).

It is clear from a reading of OCGA § 34-9-350 that the first "injury" in subsequent injury cases is satisfied by the existence of a permanent impairment. The language of the statute reflects the legislature's intent that the fund provide reimbursement when a life-long condition merges with a compensable injury. Foster's condition was described by her physician as a cardiovascular disorder, and it is undisputed that it constituted a pre-existing permanent impairment as contemplated by OCGA § 34-9-350 and qualifies presumptively as a pre-existing permanent impairment under OCGA § 34-9-361.

The fund's argument would require that a worker with a pre-existing permanent impairment be injured twice on the job before reimbursement would be triggered. This is simply not consistent either with the remedial nature of workers' compensation statutes generally or the specific purpose of the Subsequent Injury Trust Fund as stated in the statute, to promote employment of handicapped workers. See generally *Subsequent Injury Trust Fund v. Lumley Drywall*, 200 Ga. App. 703, 704-705 (409 SE2d 254) (1991). Therefore, we hold for purposes of reimbursement under the Subsequent Injury Trust Fund, that the employee's pre-existing permanent impairment, as contemplated by OCGA § 34-9-361, constitutes the first injury, such that any compensable injury to a handicapped worker which merges with the pre-existing permanent impairment causing a greater disability than would have resulted from the compensable injury alone, which creates excess liability shall be reimbursable from the fund.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 24, 1994.

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Senior Assistant Attorney General, K. Prabhaker Reddy, Assistant Attorney General, Dana E. McDonald*, for appellant.

*Savell & Williams, John M. Williams, Jennifer H. Chapin, Mark S. Gannon, Harris, Hartman, Aaron, Wharton & Boyd, William G. Boyd*, for appellees.